## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLE LEIB, KEVIN BROKENSHIRE, and DIANE WEIGLEY, individually and on behalf of all others similarly situated, | Case No. 4:21-cv-00196-MWB |
| Plaintiffs, | |
| v. | |
| GEISINGER HEALTH and EVANGELICAL COMMUNITY HOSPITAL, | |
| Defendants. | |
| JESSICA SAUER, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 4:21-cv-00263-MWB |
| GEISINGER HEALTH and EVANGELICAL COMMUNITY HOSPITAL, | |
| Defendants. | |

## DECLARATION OF ADAM J. ZAPALA, ESQ.

I, Adam J. Zapala, Esq., hereby declare as follows:

1.      I am a Partner with the law firm of Cotchett, Pitre & McCarthy, LLP

("CPM") and counsel for Plaintiffs Nichole Leib, Kevin Brokenshire, and Diane

Weigley in *Leib, et al. v. Geisinger Health, et al.*, 4:21-cv-00196-MWB (M.D.

Pa.). I am an attorney duly licensed to practice law before all courts in California

and was admitted *pro hac vice* in this matter on February 12, 2021. I make this

declaration on my own personal knowledge, and if called as a witness to testify, I

could and would testify competently to the following facts.

2.      I make this declaration in support of Plaintiffs' Unopposed Motion for

Entry of Case Management Order No. 1 ("CMO No. 1") seeking to: (1) consolidate

*Leib, et al. v. Geisinger Health, et al.*, 4:21-cv-00196-MWB (M.D. Pa.) and *Sauer*

*v. Geisinger Health, et al.*, 4:21-cv-00263-MWB (M.D. Pa.), pursuant to Fed. R.

Civ. P. 42(a), and create a consolidated docket for any actions that are based on

substantially the same facts and allegations against Defendants Geisinger Health

and Evangelical Community Hospital ("Defendants") that may subsequently be

filed in, transferred to, or removed to this Court; and (2) appoint Berger Montague

PC and Cotchett, Pitre & McCarthy, LLP ("Proposed Co-Lead Class Counsel") as

Interim Co-Lead Class Counsel for the proposed Class in the consolidated action,

pursuant to Fed. R. Civ. P. 23(g).

3.      In August 2020, attorneys at CPM and Berger Montague PC began

investigating allegations that Defendants agreed not to recruit or hire each other's

physicians, nurses, psychologists, therapists, and other healthcare professionals

("Healthcare Workers"). As part of that investigation, both firms conducted

research into Healthcare Workers, analyzed the labor market for Healthcare

Workers in Central Pennsylvania, and studied Defendants' respective business models and history of coordination. The firms worked collaboratively on these tasks. On February 3, 2021, Berger Montague PC and CPM filed the first complaint in this case on behalf of Nichole Leib, Kevin Brokenshire, and Diane Weigley, three Healthcare Workers who have collectively worked for Defendants for more than two decades. *Leib, et al. v. Geisinger Health, et al.*, 4:21-cv-00196-MWB (M.D. Pa.), ECF No. 1. On February 12, 2021, Jessica Sauer, who worked for Defendant Geisinger as a Healthcare Worker in 2019-2020, filed the second case. *Sauer v. Geisinger Health, et al.*, 4:21-cv-00263-MWB (M.D. Pa.), ECF No. 1.

4.      CPM is well-positioned to serve in a leadership capacity in this litigation.  In addition to our work to investigate and develop this case by filing the first complaint with Berger Montague, CPM has extensive experience in complex antitrust class actions in courts across the country.  As summarized below, CPM has been appointed by courts to serve in leadership positions in many of the largest and most important antitrust class actions.  I have personally worked extensively on most of the following cases.

5.      In *In re Automotive Parts Antitrust* Litigation, Case No. 2:12-md-02311-SFC (MDL 2311) (E.D. Mich.) ("*Auto Parts*"), CPM is co-lead counsel on behalf of end-payor plaintiffs and consumers against manufacturers of automotive

parts for engaging in a decade-plus long conspiracy to raise the prices of automotive components sold to manufacturers, including Honda, Toyota, and Nissan, among others. To date, CPM and co-counsel have recovered more than $1.2 billion for the class.  CPM was recently presented with the American Antitrust Institute's ("AAI") prestigious award for litigation of the year for its work on the *Auto Parts* litigation.

6.      CPM has been singled out by district courts for its leadership in complex antitrust cases.  For example, in *In re Transpacific Air Passenger Transportation Antitrust Litigation*, Case No. 3:07-cv-05634-CRB (N.D. Cal.) ("*Transpacific*"), CPM was co-lead counsel in a complex class action alleging price-fixing by global airlines. I, along with other CPM attorneys, were part of a team that reviewed millions of pages of documents, and took depositions all over the world, before prevailing on motions where the Court rejected complex legal arguments including the filed-rate doctrine, the act of state doctrine and sovereign compulsion, followed by negotiating major settlements. I have been involved extensively in all aspects of the case, including protracted briefing on various legal issues, all stages of the discovery process including extensive depositions, briefing and argument on summary judgment motions concerning the filed-rate doctrine, settlement discussions and negotiations, appeals, class certification, and trial preparation. Judge Charles R. Breyer called CPM's work in the case "exceptional."

7.      In *In re Capacitors Antitrust Litigation*, Case No. 3:14-cv-03264-JD (N.D. Cal.) ("*Capacitors*"), CPM was appointed sole lead counsel to represent the indirect purchasers of capacitors (film or electrolytic capacitors) against the leading manufacturers of capacitors sold in the United States. I have been involved in this case since its inception.  I have handled a variety of tasks in this case, including briefing numerous legal issues, all stages of discovery including extensive depositions, and settlement discussions and negotiations. CPM has recovered more than $80 million on behalf of the class in this ongoing litigation.

8.      In *In re Resistors Antitrust Litigation*, Case No. 3:15-cv-03820-JD (N.D. Cal.) ("*Resistors*"), CPM was sole lead counsel on behalf of a class of indirect purchaser plaintiffs of resistors from defendants who allegedly conspired to unlawfully inflate, fix, raise, maintain or artificially stabilize the prices. I have been involved extensively in all aspects of this case since its inception.  CPM recovered over $30 million on behalf of their clients.

9.      In *In re Lithium Batteries Antitrust Litigation*, Case No. 4:13-md-02424-YGR (N.D. Cal.) ("*Batteries*"), CPM was appointed co-lead counsel on behalf of indirect purchasers alleging a price-fixing conspiracy in the lithium-ion battery industry. CPM and co-lead counsel, Lieff, Cabraser, et al., and Hagens Berman, recovered over $100 million for the class.

10.     In *In re Methionine Antitrust Litigation*, Case No. 3:00-md-01311-CRB (N.D. Cal.), CPM was appointed Co-Lead Counsel in this antitrust action against several methionine manufacturers involved in an alleged conspiracy to fix the prices of and allocate the markets for methionine. CPM ultimately helped settle the case for $107 million.

11.     In *In re Broiler Chicken Antitrust Litigation*, Case No. 1:16-cv-08637-TMD (N.D. Ill.) ("*Broilers*"), CPM is co-lead counsel and represents commercial and institutional indirect purchasers who allege chicken broiler suppliers engaged in a nationwide conspiracy to fix prices and coordinate their output. I have been involved extensively in all aspects of this litigation, including substantial work with economists and on class certification.

12.     In addition to the foregoing, CPM has served, or continues to serve, in a leadership capacity in many other complex antitrust actions, including: *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, 2:16-md-02724-CMR (E.D. Pa.) (serving on plaintiffs' steering committee) and *In re Parking Heaters Antitrust Litigation*, Case No. 1:15-mc-00940-JG (E.DN.Y.) (serving as liaison counsel).

13.     CPM has also been recognized for its leadership role with other counsel in complex antitrust class actions.  In *In re International Air Transportation Surcharge Antitrust Litigation*, Case No. M:06-md-01793-CRB (MDL No. 1793) (N.D. Cal.), CPM was co-lead counsel in the MDL class action

alleging price-fixing of air passenger tickets by British Airways PLC and Virgin Atlantic Airways, Ltd.  Judge Charles R. Breyer again lauded CPM and its co-counsel's work for their efforts to achieve "an outstanding settlement in which a group of lawyers from two firms coordinated the work . . . and brought an enormous expertise and then experience in dealing with the case."  Judge Breyer added that the lawyers are "more than competent. They are outstanding."

14.     CPM served as co-lead counsel in *Precision Associates, Inc., et al. v. Panalpina World Transport (Holding) Ltd.*, Case No. 1:08-cv-00042-JG-VVP (E.D. N.Y.) ("*Freight Forwarders*"), a case alleging collusion by freight forwarders throughout the world that led to significant settlements with defendants. CPM was instrumental in working on all aspects of the case, including *inter alia*, preparing the consolidated class action complaints and defeating motions to dismiss. CPM reviewed millions of pages of documents, conducted numerous interviews of current and former employees of Settling Defendants, prepared for and took the depositions of several Defendants both domestically and internationally, and played a central role in negotiating the settlements. I was involved extensively in litigating this highly successful class action case.

15.     In *In re Dynamic Random Access Memory (DRAM II) Antitrust Litigation*, Case No. 4:18-cv-03805-JSW (N.D. Cal.), CPM is court-appointed co-

lead counsel on behalf of direct purchasers of Dynamic Random Access Memory

chips, alleging a price-fixing conspiracy for DRAM sold in the United States.

16.     In *In re Static Random Access Memory (SRAM) Antitrust Litigation*,

Case No. 4:07-md-01819-CW (MDL No. 1819) (N.D. Cal.) ("*SRAM*"), CPM was

lead counsel in an MDL class action for direct purchasers of SRAM chips.

Important legal rulings were reached on cutting edge issues such as standing of

class representatives and the proper showing for class certification.

17.     In *In re Domestic Airline Travel Antitrust Litigation*, Case No. 1:15-

mc-01404-CKK (MDL No. 2656) (D. D.C.) ("*Domestic Air*"), CPM is co-lead

counsel on behalf of plaintiffs alleging that the major airlines, including American,

Delta, Southwest, and United, fixed prices for air passenger transportation services

within the United States, its territories, and the District of Columbia. CPM and its

co-counsel have recovered $60 million in this ongoing litigation.

18.     In the case *In re Webkinz Antitrust Litigation*, Case No. M:08-cv-

01987-RS (MDL No. 1987) (N.D. Cal.). CPM was lead counsel in a tying case for

a class of persons or entities in the U.S. who ordered Webkinz from Ganz that

required they also order other Ganz's "core line" products.

19.     In *In re Qualcomm Antitrust Litigation*, Case No. 5:17-md-02773-

LHK (N.D. Cal.), CPM is co-lead counsel for classes of consumers and businesses

alleging Qualcomm engaged in a monopoly and other anticompetitive conduct for cellular devices and modem chips.

20.     In addition to the foregoing actions where CPM served as lead or co-lead counsel, CPM has also served on Executive Committees, Steering Committees, and as Committee Chair in other litigation.

21.     In *In re Cathode Ray Tubes (CRT) Antitrust Litigation*, Case No. 4:07-cv-05944-JST (MDL No. 1917) (N.D. Cal.) ("*CRT*"), CPM was appointed to an Executive Committee position and represented a class of direct purchaser plaintiffs against manufacturers of cathode ray terminals whose prices were artificially raised.

22.     In *In re Optical Disk Drive (ODD) Antitrust Litigation*, Case No. 3:10-md-02143-RS (MDL No. 2143) (N.D. Cal.) ("*ODD*"), CPM was appointed as a member of the Executive Committee for this multidistrict litigation alleging a conspiracy that manufacturers of optical disk drives fixed prices of ODD's sold directly to plaintiffs in the United States.

23.     In the case *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, Case No. 4:02-md-01486-PJH (MDL No. 1486) (N.D. Cal.) ("*DRAM I*") CPM served as chair of the Discovery Committee for this multidistrict litigation arising from the price-fixing of DRAM, a form of computer memory.

24.     In the MDL case *In re Generic Pharmaceuticals Pricing Antitrust Litigation,* No. 2:16-md-02724-CMR (E.D. Pa.) ("*Generic Drugs*"), CPM was appointed to the Plaintiffs' Steering Committee and represents indirect purchasers (specifically, end-payor union health & welfare funds) of generic drugs seeking to recoup overcharges stemming from a vast alleged price-fixing conspiracy.

25.     In addition to CPM's experience in complex antitrust class actions, CPM has developed extensive relationships with consultants and industry experts, which will be helpful to this litigation. Further, CPM has a reputation for respect and trust among defense counsel, and has already laid a solid foundation for a working relationship with counsel for the defendants in this case. CPM's willingness to engage in meaningful relationships with counsel will allow them to prosecute this litigation vigorously, efficiently, and in a manner consistent with best practices.

26.     CPM's reputation is one reason large institutional investors and public entities, such as the California State Teachers' Retirement System and The Regents of the University of California, have selected CPM as counsel in some of their most important cases. The *National Law Journal* has named CPM one of the outstanding antitrust firms, and reported that CPM attorneys are regarded by plaintiff and defense lawyers as among the foremost trial lawyers in the nation. The *Daily Journal* has also named CPM one of the top law firms.

27.     CPM has also successfully tried a number class actions. For example, CPM secured a ground-breaking $1.15 billion judgment against the lead paint industry after a two-month trial in Santa Clara County Superior Court. *See People of the State of California v. Atlantic Richfield, et al.* Santa Clara Sup. Ct, Case No. 1-00-CV-788657 ("*Lead Paint*"). The *Lead Paint* verdict was the result of years of hard fought litigation, including multiple appeals to the Court of Appeal and California Supreme Court, and stands as the only successful trial against the lead paint industry for creating a public nuisance threatening the health and well-being of children. *See*, *e.g.*, *County of Santa Clara et al. v. Atlantic Richfield, et al.*, 50 Cal.4th 35 (2010); *County of Santa Clara et al. v. Atlantic Richfield, et al.*, 161 Cal.App.4th 1140 (2008); *County of Santa Clara et al. v. Atlantic Richfield, et al.*, 137 Cal.App.4th 292 (2006).  It is one example of the many trials of CPM attorneys.

28.     I am managing this case on a day-to-day basis for CPM, along with Elizabeth Castillo, James Dallal, and Tamarah Prevost. Senior CPM Partner Joseph W. Cotchett will also be involved in the litigation, as appropriate. A true and correct copy of CPM's firm resume, which includes attorneys who are working on this case, is attached hereto and incorporated herein by reference as **Exhibit 1**. As a Partner at CPM, as noted, I have extensive experience litigating highly complex antitrust and other actions before federal district courts across the country.  The

*Daily Journal* named me as one of the top 30 antitrust attorneys in California. In addition to the foregoing, I have served in a leadership role in the cutting edge MDL privacy case, *In re Vizio Inc. Consumer Privacy Litigation*, Case No. 16-md-02693-JLS (C.D. Cal.), recovering $17 million as well as attaining groundbreaking injunctive relief and significant business practice changes.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 5th day of March 2021, in Burlingame, California.

*/s/Adam J. Zapala*