# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLE LEIB, KEVIN BROKENSHIRE, and DIANE WEIGLEY, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>GEISINGER HEALTH and EVANGELICAL COMMUNITY HOSPITAL,<br><br>        Defendants. | Case No. 4:21-cv-00196-MWB |
| JESSICA SAUER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>GEISINGER HEALTH and EVANGELICAL COMMUNITY HOSPITAL,<br><br>        Defendants. | Case No. 4:21-cv-00263-MWB |

**CASE MANAGEMENT ORDER**

**March 11, 2021**

WHEREAS, on February 3, 2021, plaintiffs Nichole Leib, Kevin Brokenshire, and Diane Weigley filed a class action complaint against defendants Geisinger Health and Evangelical Community Hospital ("Defendants") in the United States District Court for the Middle District of Pennsylvania, which was designated as Case No. 4:21-cv-00196-MWB;

WHEREAS, on February 12, 2021, plaintiff Jessica Sauer filed a class action complaint against Defendants in the United States District Court for the Middle District of Pennsylvania, which was designated as Case No. 4:21-cv-00263-MWB;

WHEREAS, plaintiffs Nichole Leib, Kevin Brokenshire, Diane Weigley, and Jessica Sauer (collectively, "Plaintiffs") have filed a motion to consolidate the two cases pursuant to Fed. R. Civ. P. 42(a) ("Motion for Consolidation") and Defendants do not oppose such motion;

WHEREAS, Plaintiffs have filed a motion pursuant to Fed. R. Civ. P. 23(g), asking the Court to appoint Berger Montague PC and Cotchett, Pitre & McCarthy, LLP as Interim Co-Lead Class Counsel for Plaintiffs and the proposed Class in the proposed consolidated action.

WHEREAS, the Court finds that the considerations concerning Interim Co-Lead Class Counsel have been adequately presented, and the Court has carefully

considered the above motion, its supporting brief, the supporting declarations of Eric L. Cramer and Adam Zapala, and the exhibits to same,

IT IS HEREBY ORDERED:

1. Plaintiffs' unopposed motion for consolidation pursuant to Fed. R. Civ. P. 42(a) is **GRANTED**, and *Leib, et al. v. Geisinger Health, et al.*, Case No. 4:21-cv-00196-MWB and *Sauer v. Geisinger Health, et al.*, Case No. 4:21-cv-00263-MWB are hereby consolidated (the "Consolidated Action").

2. This Order shall govern practice and procedure in the Consolidated Action and any related actions based on the same nucleus of operative facts subsequently filed in, transferred to, or removed to this Court as set forth below.

3. All papers filed in the Consolidated Action shall be filed under Case No. 4:21-cv-00196, the number assigned to the first-filed case, and must bear the following case name: *In re Geisinger Health and Evangelical Community Hospital Healthcare Workers Antitrust Litigation*.

4. The case file for the Consolidated Action shall be maintained under Master File No. 4:21-cv-00196.

5. Any counsel who has been admitted *pro hac vice* in any of the above-captioned actions is hereby admitted *pro hac vice* in the Consolidated Action and any counsel not so admitted may file an appropriate application to be admitted *pro hac vice*.

6. The case captioned *Sauer v. Geisinger Health, et al.*, Case No. 4:21-cv-00263-MWB shall be administratively closed.

7. Any other later-filed actions bringing claims on behalf of parties that overlap with the proposed plaintiff class in the Consolidated Action and that are related to and arise from the same or substantially similar facts and circumstances as the Consolidated Action ("Newly Filed Action") shall be consolidated into the Consolidated Action.

8. Any such action described in paragraph 7 shall be deemed consolidated unless an objection is filed by a party in the Consolidated Action or in the Newly Filed Action within fourteen (14) days of the filing or transfer to this Court of such action and the objection is sustained. Once consolidated into the Consolidated Action, the Newly Filed Action will be administratively closed.

9. The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be part of this Consolidated Action.

10. Plaintiffs' motion to appoint Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g) is **GRANTED**, and the Court appoints Berger Montague PC and Cotchett, Pitre & McCarthy, LLP as Interim Co-Lead Class Counsel for the proposed class.

11. **Duties of the Interim Co-Lead Class Counsel.** Interim Co-Lead Class Counsel shall be responsible for the overall conduct of the litigation on behalf of the proposed class, including the following:

   a) Supervise all pretrial, trial and post-trial proceedings;

   b) Sign any pleadings, motions, briefs, discovery requests or objections, subpoenas or notices;

   c) Determine and present motions, briefs, oral argument, and take such other actions as may be appropriate with regard to the position of all class plaintiffs as to all matters arising during pretrial, trial, post-trial, and any appellate proceedings;

   d) Conduct discovery on behalf of the Plaintiffs and the proposed class consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g);

   e) Designate attorneys to act as spokespersons at pretrial conferences, hearings, and arguments;

   f) Negotiate and enter into stipulations and agreements with defense counsel with respect to all matters in this litigation, including discovery and settlement matters;

g) Coordinate the activities of all class counsel, and implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

h) Retain and consult with experts as deemed necessary and appropriate;

i) Call meetings of class counsel when deemed appropriate;

j) Allocate any attorneys' fees or expenses that the Court may award in this matter amongst the various class counsel participating in the case based on the reasonable judgment of Interim Co-Lead Class Counsel as to the contributions of each respective firm to the success of the case;

k) On a regular basis, collect reports of contemporaneously prepared attorney and paralegal time and expense records from each firm litigating on behalf of the class under the direction of Interim Co-Lead Class Counsel;

l) Delegate tasks to counsel for the class and otherwise coordinate the work of all class counsel, and perform such other duties as the Interim Co-Lead Class Counsel deem necessary or appropriate, or as authorized by further order of the Court; and

m) Perform such other pretrial duties as may be incidental to the proper coordination of pretrial activities or authorized by further Order of the Court.

**IT IS SO ORDERED.**

                                             *s/ Matthew W. Brann*
                                             Matthew W. Brann
                                             United States District Judge