UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE GEISINGER HEALTH AND
EVANGELICAL COMMUNITY
HOSPITAL HEALTHCARE
WORKERS ANTITRUST LITIGATION

Case No. 4:21-cv-00196-MWB

**UNCONTESTED MOTION TO EXTEND TIME TO MOVE FOR DETERMINATION
UNDER FED. R. CIV. P. 23(c)(1)**

Plaintiffs Nichole Leib, Kevin Brokenshire, Diane Weigley, and Jessica Sauer ("Plaintiffs") hereby move to adjust the deadlines for Plaintiffs' motion for class certification in the above-captioned action.  The Parties have met and conferred, and Defendants Geisinger Health and Evangelical Community Hospital ("Defendants") do not oppose this motion or the relief sought by Plaintiffs.

1. The above captioned matter, *Leib, et al. v. Geisinger Health, et al*., Case No. 4:21-cv-00196-MWB, was filed on February 3, 2021. A second action, *Sauer v. Geisinger Health, et al*., Case No. 4:21-cv-00263-MWB, was filed on February 12, 2021, and on March 18, 2021, the two actions were consolidated into the above-captioned matter.

2. Local Rule 23.3 requires a motion for class certification to be filed within ninety (90) days after the filing of a civil complaint. L.R. 23.3. The Court is empowered to extend this deadline upon a motion and for good cause. *Id*.

3. In ruling on such a motion, Local Rule 23.3 permits the Court to postpone a class certification determination "pending discovery or such other preliminary procedures as appear to be appropriate and necessary in the circumstances." *Id*.

4. An extension of the deadline to move for class certification is appropriate here. Plaintiffs represent a proposed class of tens of thousands of employees spread across multiple counties in Central Pennsylvania. The Parties will require discovery related to whether, when,

1

and how Geisinger and Evangelical entered into the alleged conspiratorial agreement; whether Plaintiffs and the Class have suffered antitrust injury; and the appropriate measure of damages, among other complex issues. Each party requires thorough fact and compensation data discovery to support its claims and/or defenses related to both liability and damages, and the Parties also anticipate expert discovery and motion practice related thereto.

5. Moreover, while the Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f), they have not yet had a scheduling conference with the Court pursuant to Fed. R. Civ. P. 16, and no scheduling order has been entered in the case.

WHEREFORE, Plaintiffs respectfully request that the Court vacate the 90-day deadline set forth in Local Rule 23.3 and set class certification deadlines in connection with the forthcoming scheduling order under Fed. R. Civ. P. 16.

Dated: June 21, 2021

Respectfully Submitted,

By /s/ Adam J. Zapala
Adam J. Zapala (*Pro Hac Vice*)
Elizabeth T. Castillo (*Pro Hac Vice*)
Tamarah P. Prevost (*Pro Hac Vice*)
James G.B. Dallal (*Pro Hac Vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
tprevost@cpmlegal.com
jdallal@cpmlegal.com

Alexander E. Barnett (*Pro Hac Vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
40 Worth Street, 10th Floor
New York, NY 10013
Phone: (212) 201-6820
abarnett@cpmlegal.com

Eric L. Cramer (PA Bar No. 69289) (*Pro Hac Vice*)
Shanon Jude Carson (PA Bar No.85957)
Mark R. Suter (PA Bar No. 322922) (*Pro Hac Vice*)
**BERGER MONTAGUE PC**
1818 Market Street
Suite 3600
Philadelphia, PA  19103
Phone: (215) 875-4604
Fax: (215) 875-5707
ecramer@bm.net
scarson@bm.net
msuter@bm.net

Daniel J. Walker (*Pro Hac Vice*)
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC  20006
Phone: (202) 559-9745
Fax: (215) 895-5707
dwalker@bm.net

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*