## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: GEISINGER HEALTH AND
EVANGELICAL COMMUNITY
HOSPITAL HEALTHCARE
WORKERS ANTITRUST
LITIGATION

Case No. 4:21-cv-00196-MWB

---

## DEFENDANT EVANGELICAL COMMUNITY HOSPITAL'S
## ANSWER AND DEFENSES TO PLAINTIFFS'
## CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Defendant Evangelical Community Hospital ("Evangelical") answers the

Consolidated Amended Class Action Complaint, ECF No. 101, (the "Complaint")

filed by Plaintiffs Nichole Leib, Kevin Brokenshire, Brittany Gresh, and Sharon

Hixton (collectively, "Plaintiffs"), as follows:

Evangelical denies each and every allegation of the Complaint, except as

specifically stated, and denies that it violated in any way the antitrust laws under

which Plaintiffs purport to bring this action.  No response to the allegations in the

unnumbered paragraph on page 1 is necessary or required because the allegations

contain legal arguments and conclusions of law, or are otherwise moot, because the

Court has dismissed with prejudice Plaintiffs' action under the "antitrust laws . . . of

the Commonwealth of Pennsylvania" (see ECF Nos. 66, 67).  To the extent a

response is required, Evangelical denies the allegations, except admits that Plaintiffs purport to bring an action under the "antitrust laws of the United States."

## SUMMARY OF THE ACTION

1. Paragraph 1 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical denies the allegations in Paragraph 1.

2. Paragraph 2 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical denies the allegations in Paragraph 2, but admits that Evangelical is currently "headquartered" in Lewisburg, Pennsylvania. Evangelical lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2, and, on that basis, denies them.

3. Paragraph 3 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical denies Plaintiffs' allegations in Paragraph 3.

4. Paragraph 4 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical admits the language quoted in Paragraph 4 appears at the Department of Justice ("DOJ") website link cited in footnote 1 to Paragraph 4, but denies Plaintiffs' allegations, including Plaintiffs' characterization of this language, because the DOJ website

speaks for itself.  Evangelical denies the remaining allegations in Paragraph 4.

5.      Paragraph 5 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical denies Plaintiffs' allegations in Paragraph 5.

6.      Paragraph 6 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical admits that the DOJ brought a civil antitrust action regarding Geisinger Health's ("Geisinger") partial acquisition of Evangelical on August 5, 2020, but denies Plaintiff's allegations, including Plaintiff's characterization of the DOJ civil action, because the complaint filed in the DOJ civil action is a writing that speaks for itself and consists only of allegations, not evidence.  Evangelical otherwise denies the remaining allegations in Paragraph 6.

7.      Paragraph 7 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical admits the quoted excerpt appears in the DOJ complaint, but denies Plaintiffs' allegations, including Plaintiffs' characterization of this language, because the DOJ complaint is a writing that speaks for itself and consists only of allegations, not evidence. Evangelical denies the remaining allegations in Paragraph 7.

8.      Paragraph 8 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical admits

that the language quoted in Paragraph 8 at the website link referenced in footnote 2 of Paragraph 8 appears on Geisinger's website, but denies Plaintiffs' allegations, including Plaintiffs' characterization of this language, because Geisinger's website speaks for itself. Evangelical lacks knowledge or information sufficient to form an independent belief concerning the language quoted in Paragraph 8 that Plaintiffs allege formerly appeared on Geisinger's website, and therefore denies the allegations on this basis. Evangelical denies that the language quoted in Paragraph 8 at the website link referenced in footnote 3 of Paragraph 8 currently appears on Evangelical's website, and denies Plaintiffs' allegations, including Plaintiffs' characterization of this language, because Evangelical's website speaks for itself. Evangelical denies the remaining allegations in Paragraph 8.

9.    Paragraph 9 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical admits that the cited DOJ Complaint contains the language quoted in Paragraph 9, but denies Plaintiffs' allegations, including Plaintiffs' characterization of this language, because the DOJ Complaint is a writing that speaks for itself and consists only of allegations, not evidence. Evangelical denies the remaining allegations in Paragraph 9.

10.    Paragraph 10 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical admits the

DOJ conducted an investigation of a proposed acquisition between Geisinger and Evangelical and that the DOJ subsequently filed a complaint, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the DOJ Complaint, because the DOJ Complaint is a writing that speaks for itself and consists only of allegations, not evidence. Evangelical denies the remaining allegations in Paragraph 10.

11.     Paragraph 11 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical denies the allegations in Paragraph 11.

## JURISDICTION AND VENUE

12.     Evangelical admits that Plaintiffs purport to bring this action as described in Paragraph 12 but denies that it has violated the federal antitrust laws.

13.     Paragraph 13 contains legal conclusions to which no response is required.

14.     Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, Evangelical admits that it is headquartered in this district, but denies the allegations that it has violated the federal antitrust laws. With respect to allegations pertaining to Geisinger, Evangelical lacks knowledge or information sufficient to form an independent belief concerning Geisinger's headquarters, and therefore denies the allegations on this basis. Evangelical denies the remaining allegations in Paragraph 14.

## THE PARTIES

15.     Evangelical denies the allegations in the first and second sentences of Paragraph 15, because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  Evangelical admits that Nichole Leib has worked at Evangelical since December 13, 2021.  Evangelical denies the remaining allegations in Paragraph 15.

16.     Evangelical denies the allegations in the first and second sentences of Paragraph 16, because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  Evangelical denies the remaining allegations in Paragraph 16.

17.     Evangelical denies the allegations in the first and second sentences of Paragraph 17, because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  Evangelical denies the remaining allegations in Paragraph 17.

18.     Evangelical denies the allegations in the first sentence of Paragraph 18 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  Evangelical admits the allegations in the second sentence of Paragraph 18.  Evangelical denies the allegations in the third sentence of Paragraph 18 because it lacks sufficient information to form an independent belief concerning the truth of the allegations.  Evangelical denies the remaining allegations in

Paragraph 18.

19.　Evangelical denies the allegations in Paragraph 19, because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

20.　Evangelical denies the allegations in Paragraph 20, because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

21.　Paragraph 21 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical admits that it is an independent community hospital headquartered in Lewisburg, Pennsylvania, admits that it employs approximately 1800 people, admits that it owns physician practices in Central Pennsylvania and operates an urgent care center and other outpatient facilities, but denies the remaining the allegations in Paragraph 21.

22.　Paragraph 22 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical denies the allegations in Paragraph 22.

23.　Paragraph 23 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical denies the allegations in Paragraph 23.

24.　Paragraph 24 contains legal arguments and conclusions of law to which

no response is required. To the extent a response is required, Evangelical denies the allegations in Paragraph 24.

## FACTUAL ALLEGATIONS

25.     Paragraph 25 contains legal arguments and conclusions of law to which no response is required. Evangelical lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Geisinger, and, on this basis, denies the allegations in Paragraph 25. Evangelical denies the remaining allegations in Paragraph 25.

26.     Paragraph 26 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical denies the allegations in Paragraph 26.

27.     Paragraph 27 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical denies the allegations in Paragraph 27, because it lacks sufficient information to form an independent belief concerning the truth of the allegations.

28.     With respect to the first sentence of Paragraph 28, Evangelical admits that it provides inpatient general acute care services to patients in Pennsylvania. Evangelical lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and, on this basis, denies them. Evangelical otherwise denies the remaining allegations in Paragraph 28.

29.    Paragraph 29 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical admits that it provides healthcare services and is an employer in Pennsylvania, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including Plaintiffs' characterization of its activities in Pennsylvania, and, on this basis, denies them.

30.    Paragraph 30 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical admits that it offers medical care and support across a range of specialties, but denies the allegations pertaining to Geisinger, because it lacks knowledge or information sufficient to form an independent belief concerning the truth of the allegations. Evangelical admits that the DOJ Complaint contains the language quoted in Paragraph 30, but denies Plaintiffs' allegations, including Plaintiffs' characterization of this language, because the DOJ Complaint is a writing that speaks for itself and consists only of allegations, not evidence.   Evangelical denies the remaining allegations in Paragraph 30.

31.    With respect to the first sentence of Paragraph 31, Evangelical denies the characterization of its capital investment plan and denies the allegations pertaining to Geisinger, because it lacks knowledge or information sufficient to form an independent belief concerning the truth of the allegations.  Evangelical admits

that the DOJ Complaint contains the language quoted in Paragraph 31, but denies Plaintiffs' allegations, including Plaintiffs' characterization of this language, because the DOJ Complaint is a writing that speaks for itself and consists only of allegations, not evidence. Evangelical denies the remaining allegations in Paragraph 31.

32.     Paragraph 32 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical admits that it competes with other healthcare services providers, including Geisinger, for the provision of healthcare services and with other companies for employees to work at its facilities. Evangelical, however, lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Geisinger, and therefore denies them on this basis. Evangelical denies the remaining allegations in Paragraph 32.

33.     Paragraph 33 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical denies the allegations in Paragraph 33.

34.     Paragraph 34 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical admits that the website link to the DOJ Antitrust Guidance for Human Resources Professionals referenced in footnote 4 contains the language quoted in Paragraph 34,

but denies Plaintiffs' allegations, including Plaintiffs' characterization of this language, because the DOJ Guidance is a writing that speaks for itself. Evangelical denies the remaining allegations in Paragraph 34.

35.     Evangelical denies the allegations in Paragraph 35, including because it lacks information and knowledge sufficient to determine the parameters or scope of "who" is a "Healthcare Worker."

36.     Paragraph 36 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical denies the allegations in Paragraph 36, including because it lacks information and knowledge sufficient to determine the parameters or scope of "who" is a "Healthcare Worker."

37.     Evangelical denies the allegations in Paragraph 37, including because it lacks information and knowledge sufficient to determine the parameters or scope of "who" is a "Healthcare Worker."

38.     Paragraph 38 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical denies the allegations in Paragraph 38, including because it lacks information and knowledge sufficient to: (a) determine the parameters or scope of "who" a Healthcare Worker is; (b) assess whether and why Healthcare Workers purportedly stay within a given area for career development; or (c) to form a belief as to the truth of the allegations regarding Geisinger.

39.     Paragraph 39 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical denies the allegations in Paragraph 39.

40.     Paragraph 40 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical denies the allegations in Paragraph 40.

41.     Paragraph 41 contains legal conclusions to which no response is required.  To the extent a response is required, Evangelical denies the allegations in Paragraph 41, but admits that Geisinger Medical Center and Evangelical Community Hospital are located approximately 17 miles apart and that it competes with other employers, including Geisinger, to recruit and hire employees to work at its healthcare facilities.

42.     Evangelical lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and on this basis, denies them.

43.     Evangelical lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and on this basis, denies them.

44.     Evangelical lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and on this basis, denies them.

45.     Paragraph 45 contains legal conclusions to which no response is required.  To the extent a response is required, Evangelical denies the allegations in

Paragraph 45, including because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

46.     Evangelical lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46, and on this basis, denies them.

47.     Evangelical denies the allegations in Paragraph 47, including because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

48.     Evangelical denies the allegations in Paragraph 48, including because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

49.     Evangelical admits that it maintained internal compensation systems, but denies Plaintiffs' characterization of its strategic objectives and the remainder of the allegations in Paragraph 49, including because it lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

50.     Paragraph 50 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical denies the allegations as to itself, but lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 50, and on this basis, denies them.

51.     Evangelical denies the allegations in Paragraph 51.

52.     Paragraph 52 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical denies the allegations in Paragraph 52.

53.     Paragraph 53 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical admits that the cited DOJ Complaint contains the language quoted in Paragraph 53, but denies Plaintiffs' allegations, including Plaintiffs' characterization of this language, because the DOJ Complaint is a writing that speaks for itself and consists only of allegations, not evidence.  Evangelical denies the remaining allegations in Paragraph 53.

54.     Paragraph 54 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical admits that Paragraph 54 cites to the DOJ Complaint and the Competitive Impact Statement ("CIS"), but denies Plaintiffs' allegations, including Plaintiffs' characterization of the conduct purportedly alleged or confirmed in the DOJ Complaint and CIS, because the DOJ Complaint and CIS are writings that speak for themselves.

55.     Paragraph 55 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical denies the allegations as to itself, but lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 55, and on this basis,

denies them.

56. Paragraph 56 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical admits the cited DOJ Complaint contains the language quoted in paragraph 56, but denies Plaintiffs' allegations, including Plaintiffs' characterization of this language, because the DOJ Complaint is a writing that speaks for itself and consists only of allegations, not evidence. Evangelical denies the remaining allegations in Paragraph 56.

57. Paragraph 57 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical admits that Paragraph 57 cites to the DOJ Complaint, but denies Plaintiffs' allegations, including Plaintiffs' characterization of language contained in the DOJ Complaint, because the DOJ Complaint is a writing that speaks for itself and consists only of allegations, not evidence. Evangelical denies the remaining allegations in Paragraph 57.

58. Paragraph 58 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical denies the allegations in Paragraph 58.

59. Paragraph 59 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical denies the

allegations in Paragraph 59.

60.     Paragraph 60 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical denies the allegations in Paragraph 60.

61.     Paragraph 61 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical admits the cited DOJ Complaint contains the language quoted in paragraph 61, but denies Plaintiffs' allegations, including Plaintiffs' characterization of this language, because the DOJ Complaint is a writing that speaks for itself and consists only of allegations, not evidence.  Evangelical denies the remaining allegations in Paragraph 61.

62.     Paragraph 62 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical denies the allegations in Paragraph 62.

63.     Paragraph 63 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical denies the allegations in Paragraph 63.

64.     Paragraph 64 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical denies the allegations in Paragraph 64.

65.     Paragraph 65 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical denies the allegations in Paragraph 65.

66.     Paragraph 66 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical denies the allegations in Paragraph 66.

## CLASS ACTION ALLEGATIONS

67.     Evangelical admits that Plaintiffs purport to bring this action on behalf of the "Class" as defined in Paragraph 67 but denies that class action treatment is appropriate in this case.

68.     Paragraph 68 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical denies the allegations in Paragraph 68.

69.     Paragraph 69 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical denies the allegations in Paragraph 69.

70.     Paragraph 70 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical denies the allegations in Paragraph 70.

71.     Paragraph 71 contains legal arguments and conclusions of law to which

no response is required. To the extent a response is required, Evangelical denies the allegations in Paragraph 71.

72. Paragraph 72 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical denies the allegations in Paragraph 72.

73. Paragraph 73 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical denies the allegations in Paragraph 73.

74. Paragraph 74 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical lacks knowledge or information sufficient to form an independent basis as to the truth of the allegation in Paragraph 74, and on this basis, denies them.

75. Paragraph 75 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical denies the allegations in Paragraph 75.

## FIRST CLAIM FOR RELIEF

## ALLEGED VIOLATION OF THE SHERMAN ACT, 15 U.S.C. § 1

76. Evangelical repeats its responses to the preceding paragraphs as if fully set forth here.

77. Paragraph 77 contains legal arguments and conclusions of law to which

no response is required. To the extent a response is required, Evangelical denies the existence of an illegal agreement and that it entered into such an agreement. Evangelical also denies that the alleged No-Poach Agreement warrants treatment as a *per se* restraint of trade under federal antitrust laws and asserts that it is instead appropriately addressed under the rule of reason. Evangelical denies the remaining allegations in Paragraph 77.

78.     Paragraph 78 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical denies the allegations in Paragraph 78.

79.     Paragraph 79 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical denies the allegations in Paragraph 79 as to itself but lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to Geisinger, and therefore denies them on this basis.

80.     Paragraph 80 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical denies the allegations in Paragraph 80.

81.     Paragraph 81 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, Evangelical denies the allegations in Paragraph 81.

82.     Paragraph 82 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical denies the allegations in Paragraph 82.

83.     Paragraph 83 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, Evangelical denies the allegations in Paragraph 83.

84.-92.     No response is required for Paragraphs 84 to 92, because the Court has dismissed with prejudice Plaintiffs' claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1-201-9.3.  *See* ECF Nos. 66, 67.

## PRAYER FOR RELIEF

Evangelical denies that Plaintiffs, either individually or on behalf of the putative "Class," are entitled to any of the relief sought and requests the entry of judgment in its favor.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, Evangelical asserts the following defenses.  These defenses are pleaded in the alternative, and do not constitute an admission that Evangelical is in any way liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.

As a defense to the Complaint and each and every allegation contained therein, Evangelical alleges:

1.      Any and all of Evangelical's actions challenged by Plaintiffs were lawful, reasonable, justified, constitute bona fide business practices, and were carried out in furtherance of Evangelical's legitimate business interests, and therefore did not violate any law at issue and have not caused any injury to competition, the public, or Plaintiffs.

2.      Evangelical did not enter into or engage in any contract, combination, or conspiracy in restraint of trade or participate in any otherwise unlawful conduct.

3.      Evangelical's conduct did not adversely affect competition in any relevant market or markets.

4.      Plaintiffs fail to state a claim upon which relief can be granted because the purported claims against Evangelical and the allegations upon which they are based are improperly vague, ambiguous, and confusing.

5.      Plaintiffs' claims, and claims of any putative class members, are barred in whole or in part by because they fail to allege proper product/service and geographic markets.

6.      Plaintiffs' claims, and claims of any putative class members, are barred in whole or in part by the applicable statute of limitations.

7.      Plaintiffs' claims, and claims of any putative class members, are barred

in whole or in part because Plaintiffs have failed to allege fraud and/or fraudulent concealment with particularity.

8.     Plaintiffs, and any putative class members, lack standing, including but not limited to Article III standing, to bring their claims.

9.     Plaintiffs, and any putative class members, lack standing, because they have not suffered antitrust injury.

10.     Plaintiffs' claims are barred by their own actions and/or failures to act.

11.     Plaintiffs' claims, and claims of any putative class members, are barred in whole or in part by the failure of Plaintiffs to mitigate, or attempt to mitigate, their damages.

12.     Evangelical's alleged actions were not the but-for or proximate cause of Plaintiffs' alleged harm, or the alleged harm of any putative class members.

13.     Plaintiffs' claims, and the claims of any putative class members, for damages are barred because the alleged damages are speculative and because of the impossibility of ascertaining and allocating those alleged damages.

14.     Plaintiffs' claims, and claims of any putative class members, are barred in whole or in part by the doctrine of waiver, estoppel, and/or laches.

15.     Plaintiffs' claims, and claims of any putative class members, are barred in whole or in part because they cannot be maintained as a class action.

16.     Plaintiffs' claims, and claims of any putative class members, for

equitable relief are barred in whole or in part because Plaintiffs have an adequate remedy at law.

17. Plaintiffs' claims, and claims of any putative class members, for injunctive relief are barred in whole or in part insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

18. Plaintiffs' claims, and the claims of any putative class members are barred to the extent they have agreed to arbitration or agreed to a different forum for the resolution of their claims against Evangelical.

19. Plaintiffs' claims, and claims of any putative class members, are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure, because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and/or do not involve questions of law or fact common to Evangelical and Geisinger.

20. Evangelical is entitled to offset any amounts paid to Plaintiffs by Geisinger in any settlement.

21. Plaintiffs' claims, and claims of any putative class members, to damages and/or certain remedies are barred in whole or in part to the extent that Plaintiffs have released or waived, under any applicable contract, settlement or otherwise, their rights to those remedies, including, but not limited to, treble

damages and attorneys' fees.

22.     Plaintiffs' claims are barred, in whole or in part, to the extent the injuries alleged in the Complaint, the fact and extent of which Evangelical expressly denies, were directly and proximately caused by or contributed to by the statements, acts or omissions of Plaintiffs or third parties or entities unaffiliated with Evangelical.

23.     Evangelical incorporates by reference any additional defenses asserted by Geisinger.

24.     Evangelical presently has insufficient knowledge or information as to whether it may have additional, yet unasserted, affirmative defenses.  Evangelical therefore reserves the right to assert additional defenses, counterclaims, cross-claims, and third-party claims in the event that discovery and the factual developments in this case indicate that such additional defenses or claims would be appropriate.

WHEREFORE, Defendant Evangelical respectfully requests that the Court:

1)     enter judgment in favor of Evangelical and against Plaintiffs on all of their claims;

2)     dismiss the Complaint with prejudice and enter judgment in favor of Evangelical;

3)     award Evangelical its costs, expenses and attorneys' fees; and

4)     award such other relief as the Court deems just and proper.

## **JURY DEMAND**

Evangelical demands a jury trial on all of the issues raised in the Complaint so triable.

Respectfully submitted,

*/s/ Theodore H. Jobes*
Stephanie Resnick, Esquire
Theodore H. Jobes, Esquire
John Fuller, Esquire
**FOX ROTHSCHILD LLP**
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
(215) 299-2000
sresnick@foxrothschild.com
tjobes@foxrothschild.com
jfuller@foxrothschild.com

And

Norman Armstrong, Jr., Esquire
Shannon Kasley, Esquire
**KING & SPALDING LLP**
1700 Pennsylvania Avenue
Washington, DC 20006
(202) 626-8979
narmstrong@kslaw.com
skasley@kslaw.com

*Counsel for Defendant Evangelical Community Hospital*

Dated: February 23, 2023

I certify that on February 23, 2023, I caused a true and correct copy of the foregoing **DEFENDANT EVANGELICAL COMMUNITY HOSPITAL'S ANSWER AND DEFENSES TO PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** to be filed using the Court's Electronic Filing System ("ECF System"). The document is available for viewing and downloading via the ECF System and will be served by operation of the ECF System upon all counsel of record.

*/s/ Theodore H. Jobes*
Theodore H. Jobes, Esquire