## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE GEISINGER SYSTEM SERVICES AND EVANGELICAL COMMUNITY HOSPITAL HEALTHCARE WORKERS ANTITRUST LITIGATION | Case No. 4:21-cv-00196-MWB |

### DEFENDANT GEISINGER SYSTEM SERVICES'S ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION AMENDED COMPLAINT

Geisinger System Services ("GSS") hereby answers the Consolidated Amended Class Action Complaint, ECF No. 101, ("Complaint") filed by Plaintiffs Nichole Leib, Kevin Brokenshire, Brittany Gresh, and Sharon Hixson (collectively, "Plaintiffs"), as follows:

GSS denies each and every allegation of the Complaint, except as specifically stated, and denies that it violated in any way the antitrust laws under which Plaintiffs purport to bring this action. No response to the allegations in the unnumbered paragraph on page 1 is necessary or required because the allegations contain legal arguments and conclusions of law, or are otherwise moot, because the Court has dismissed with prejudice Plaintiffs' action under the "antitrust laws . . . of the Commonwealth of Pennsylvania" (see ECF Nos. 66, 67). To the extent a response is required, GSS denies Plaintiffs' characterization of GSS and non-party Geisinger Health and other unnamed non-parties "collectively . . . as 'Geisinger'"

throughout the Amended Complaint.  GSS admits that it is an affiliated entity of

non-party Geisinger Health, which is the parent company of GSS and other

affiliates, some of which deliver health care services.  GSS admits that Plaintiffs

purport to bring an action under the "antitrust laws of the United States," but

denies it or any other entity affiliated with Geisinger Health violated such laws.

## SUMMARY OF THE ACTION

1.      Paragraph 1 contains legal arguments and conclusions of law to which

no response is required.  To the extent a response is required, GSS denies the

allegations in Paragraph 1.

2.      Paragraph 2 contains legal arguments and conclusions of law to which

no response is required.  To the extent a response is required, GSS denies the

allegations in Paragraph 2, but admits that non-party Geisinger Medical Center is

currently "headquartered" in Danville, Pennsylvania.  GSS lacks the knowledge or

information sufficient to form a belief as to the truth of the remaining allegations,

and, on that basis, denies them.

3.      Paragraph 3 contains legal arguments and conclusions of law to which

no response is required.  To the extent a response is required, GSS denies

Plaintiffs' allegations in Paragraph 3.

4.      Paragraph 4 contains legal arguments and conclusions of law to which

no response is required.  To the extent a response is required, GSS admits the

language quoted in Paragraph 4 appears at the Department of Justice ("DOJ")
website link cited in footnote 1 to Paragraph 4, but denies Plaintiffs' allegations,
including Plaintiffs' characterization of this language, because the DOJ excerpt
speaks for itself.  GSS denies the remaining allegations in Paragraph 4.

5.      Paragraph 5 contains legal arguments and conclusions of law to which
no response is required.  To the extent a response is required, GSS denies
Plaintiffs' allegations in Paragraph 5.

6.      Paragraph 6 contains legal arguments and conclusions of law to which
no response is required.  To the extent a response is required, GSS admits that the
DOJ brought a civil antitrust action regarding non-party Geisinger Health's partial
acquisition of Evangelical on August 5, 2020, but denies Plaintiffs' allegations,
including Plaintiffs' characterization of the DOJ civil action, because the complaint
filed in the DOJ action speaks for itself and consists only of allegations, not
evidence.  GSS otherwise denies the remaining allegations in Paragraph 6.

7.      Paragraph 7 contains legal arguments and conclusions of law to which
no response is required.  To the extent a response is required, GSS admits the
quoted excerpt appears in the DOJ complaint, but denies Plaintiffs' allegations,
including Plaintiffs' characterization of this language, because the DOJ complaint
speaks for itself and consists only of allegations, not evidence.  GSS denies the
remaining allegations in Paragraph 7.

8.     Paragraph 8 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS admits that the language quoted in Paragraph 8 at the website link referenced in footnote 2 of Paragraph 8 appears on the referenced website, but denies Plaintiffs' allegations, including Plaintiffs' characterization of this language, because the referenced website speaks for itself.  GSS admits that the language quoted in Paragraph 8 at the website link referenced in footnote 3 of Paragraph 8 appears on Evangelical's website, but denies Plaintiffs' allegations, including Plaintiffs' characterization of this language, because Evangelical's website speaks for itself.  GSS denies the remaining allegations in Paragraph 8.

9.     Paragraph 9 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS admits that the cited DOJ Complaint contains the language quoted in Paragraph 9, but denies Plaintiffs' allegations, including Plaintiffs' characterization of this language, because the DOJ Complaint speaks for itself and consists only of allegations, not evidence.  GSS denies the remaining allegations in Paragraph 9.

10.    Paragraph 10 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS admits that the DOJ investigated the proposed acquisition between non-party Geisinger Health and Evangelical and that the DOJ subsequently filed a complaint, but denies

Plaintiffs' allegations, including Plaintiffs' characterization of the DOJ Complaint, because the DOJ Complaint speaks for itself and consists only of allegations, not evidence.  GSS denies the remaining allegations in Paragraph 10.

11.     Paragraph 11 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 11.

## JURISDICTION AND VENUE

12.     GSS admits that Plaintiffs purport to bring this action as described in Paragraph 12, but denies that it or any other entity affiliated with Geisinger Health violated the federal antitrust laws.

13.     Paragraph 13 sets forth legal conclusions to which no response is required.

14.     Paragraph 14 contains legal conclusions to which no response is required.  To the extent that a response is required, GSS admits that it is headquartered in this district, but denies the allegations that it has violated the federal antitrust laws.  With respect to allegations pertaining to Evangelical, GSS lacks the knowledge or information sufficient to form an independent belief concerning the truth of the allegations concerning Evangelical's headquarters, and therefore denies the allegations on this basis.  GSS denies the remaining allegations in Paragraph 14.

**THE PARTIES**

15.     GSS denies the allegations in the first sentence of Paragraph 15,

because it lacks the knowledge or information sufficient to form an independent

belief concerning the truth of the allegations.  With respect to the second sentence

of Paragraph 15, GSS denies that Plaintiff Nichole Leib worked at non-party

Geisinger Medical Center in Danville, Pennsylvania as a registered nurse until

September 2021, but admits that Plaintiff Leib worked at Geisinger Medical Center

as an Inpatient Registered Nurse in the Medical Surgery Telemetry department

from July 18, 2011 to June 2, 2012, an Inpatient Registered Nurse on a "Flex"

basis in the Medical Surgery Telemetry department from June 3, 2012 to April 5,

2014, an Inpatient Registered Nurse in the Surgical Operating Rooms from April 6,

2014 to July 3, 2021, and as an Outpatient Registered Nurse in the Hemodialysis

Clinic from July 4, 2021 to December 19, 2021.  GSS denies the remaining

allegations in Paragraph 15.

16.     GSS denies the allegations in the first sentence of Paragraph 16,

because it lacks the knowledge or information sufficient to form an independent

belief concerning the truth of the allegations.  With respect to the second sentence

of Paragraph 16, GSS denies that Plaintiff Kevin Brokenshire worked as a

Registered Nurse at non-party Geisinger Medical Center in Danville, Pennsylvania

until March 2018, but admits that Plaintiff Brokenshire worked at Geisinger

Medical Center in Danville, Pennsylvania as an Inpatient Nursing Assistant in the

Surgical Operating Rooms from September 14, 2009 to July 11, 2010, and as an

Inpatient Registered Nurse in the Surgical Operating Rooms from July 12, 2010 to

March 22, 2019.  GSS denies the remaining allegations in Paragraph 16.

17.     GSS denies the allegations in the first sentence of Paragraph 17,

because it lacks the knowledge or information sufficient to form an independent

belief concerning the truth of the allegations.  With respect to the second sentence

of Paragraph 17, GSS denies that Plaintiff Gresh worked as a per diem RN at

Geisinger Medical Center until January 2013, but admits that Plaintiff Gresh

worked as an inpatient RN in the Telemetry department from August 2010 to

July 2011 and as an inpatient RN in the adult intensive care unit from July 2011 to

January 2013.  GSS denies the remaining allegations in Paragraph 17.

18.     GSS denies the allegations in Paragraph 18, because it lacks the

knowledge or information sufficient to form an independent belief concerning the

truth of the allegations.

19.     Paragraph 19 contains legal arguments and conclusions of law to

which no response is required.  To the extent a response is required, GSS admits

that it is an affiliated entity of non-party Geisinger Health and admits the second

through fifth sentences in Paragraph 19.  GSS denies the remaining allegations in

Paragraph 19.

20.     GSS admits that non-party Geisinger Health added seven community hospitals in Pennsylvania between 2012 and 2017, including hospitals in Shamokin, Jersey Shore, and Bloomsburg, and that each of these transactions were notified to the relevant government authorities for review to the extent such notification was required.  GSS otherwise denies the remaining allegations, including Plaintiffs' characterization of non-party Geisinger Health's hospital acquisitions, in Paragraph 20.

21.     GSS denies the allegations in Paragraph 21, because it lacks the knowledge or information sufficient to form an independent belief concerning the truth of the allegations.

22.     Paragraph 22 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 22.

23.     Paragraph 23 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 23.

24.     Paragraph 24 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 24.

## FACTUAL ALLEGATIONS

25.    Paragraph 25 contains legal arguments and conclusions of law to which no response is required.  GSS lacks the knowledge or information sufficient to form a belief as to the truth of the allegations regarding Evangelical, and, on this basis, denies the allegations in Paragraph 25.  GSS denies the remaining allegations in Paragraph 25 as to itself and other non-party entities affiliated with Geisinger Health that do not deliver health care services or employ Plaintiffs or putative class members.  GSS admits that certain non-party entities affiliated with Geisinger Health employed members of the class in Central Pennsylvania, as alleged.

26.    Paragraph 26 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 26.

27.    Paragraph 27 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 27, because it lacks the knowledge or information sufficient to form an independent belief concerning the truth of the allegations.

28.    With respect to the first sentence of Paragraph 28, GSS denies this allegation as to itself and certain other non-party entities affiliated with Geisinger Health that do not provide inpatient, general acute care services to patients in

Central Pennsylvania.  GSS also lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and, on this basis, denies them.  GSS otherwise denies the remaining allegations in Paragraph 28.

29.     Paragraph 29 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the first sentence of Paragraph 29 that it and other non-party entities affiliated with Geisinger Health provide inpatient, general acute care services to patients or employ Plaintiffs or putative class members in Central Pennsylvania.  GSS admits that certain non-party entities affiliated with Geisinger Health provide such services in Central Pennsylvania.  GSS lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations, including Plaintiffs' characterization of GSS's activities in Pennsylvania, and, on this basis, denies them.

30.     Paragraph 30 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the first sentence of Paragraph 30 that it and certain non-party entities affiliated with Geisinger Health provide medical care and support to patients across the range of specialties enumerated in this paragraph.  GSS admits that there are non-party entities affiliated with Geisinger Health that provide such services in Central Pennsylvania.  GSS denies the allegations pertaining to Evangelical, because it

lacks the knowledge or information sufficient to form an independent belief concerning the truth of the allegations.  GSS admits that the DOJ Complaint contains the language quoted in Paragraph 30, but denies Plaintiffs' allegations, including Plaintiffs' characterization of this language, because the DOJ Complaint speaks for itself and consists only of allegations, not evidence.  GSS denies the remaining allegations in Paragraph 30.

31.     With respect to the first sentence of Paragraph 31, GSS denies Plaintiffs' characterization of the capital investment plan referenced therein.  GSS denies the allegations pertaining to Evangelical, because it lacks the knowledge or information sufficient to form an independent belief concerning the truth of the allegations.  GSS admits that the DOJ Complaint contains the language quoted in Paragraph 31, but denies Plaintiffs' allegations, including Plaintiffs' characterization of this language, because the DOJ Complaint speaks for itself and consists only of allegations, not evidence.  GSS denies the remaining allegations in Paragraph 31.

32.     Paragraph 32 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies that it competes with Evangelical in the provision of healthcare services in Central Pennsylvania, but admits that certain non-party entities affiliated with Geisinger Health compete with other healthcare services providers, including Evangelical, for

the provision of healthcare services and with other companies for employees to work at their facilities. GSS, however, lacks the knowledge or information sufficient to form a belief as to the truth of the allegations regarding Evangelical, and therefore denies them on this basis. GSS denies the remaining allegations in Paragraph 32.

33.     Paragraph 33 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, GSS denies the allegations in Paragraph 33.

34.     Paragraph 34 contains legal arguments and conclusions of law to which no response is required. To the extent a response is required, GSS admits that the website link to the DOJ Antitrust Guidance for Human Resources Professionals referenced in footnote 4 contains the language quoted in Paragraph 34, but denies Plaintiffs' allegations, including Plaintiffs' characterization of this language, because the DOJ Guidance speaks for itself. GSS denies the remaining allegations in Paragraph 34.

35.     GSS denies the allegations in Paragraph 35, including because it lacks the knowledge or information sufficient to determine the parameters or scope of "who" is a "Healthcare Worker."

36.     GSS denies the allegations in Paragraph 36, including because it lacks the knowledge or information sufficient to determine the parameters or scope of

"who" is a "Healthcare Worker."

37.    GSS denies the allegations in Paragraph 37, including because it lacks the knowledge information sufficient to determine the parameters or scope of "who" is a "Healthcare Worker."

38.    Paragraph 38 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 38, including because it lacks the information or knowledge sufficient to: (a) determine the parameters or scope of "who" a "Healthcare Worker" is; (b) assess whether and why "Healthcare Workers" purportedly stay within a given area for career development; or (c) to form a belief as to the truth of the allegations regarding Evangelical.  GSS denies the remaining allegations in Paragraph 38.

39.    Paragraph 39 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 39.

40.    Paragraph 40 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 40.

41.    Paragraph 41 contains legal conclusions to which no response is required.  To the extent a response is required, GSS denies the allegations in

Paragraph 41, but admits that non-party Geisinger Medical Center and Evangelical Community Hospital are located approximately 17 miles apart and that it competes with other employers, including Evangelical, to recruit and hire employees to work at its healthcare facilities.

42.    GSS lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42, and, on this basis, denies them.

43.    GSS lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and, on this basis, denies them.

44.    GSS lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and, on this basis, denies them.

45.    Paragraph 45 contains legal conclusions to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 45, including because it lacks the knowledge or information sufficient to form a belief as to the truth of the allegations.

46.    GSS lacks the knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46, and, on this basis, denies them.

47.    GSS denies the allegations in Paragraph 47, including because it lacks the knowledge or information sufficient to form a belief as to the truth of the allegations.

48.    GSS denies the allegations in Paragraph 48, including because it lacks

the knowledge or information sufficient to form a belief as to the truth of the allegations.

49.    GSS admits that it maintained internal compensation systems, but denies Plaintiffs' characterization of its strategic objectives and the remainder of the allegations in Paragraph 49, including because it lacks the knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations.

50.    Paragraph 50 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations as to itself, but lacks the knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 50, and on this basis, denies them.

51.    GSS denies the allegations in Paragraph 51.

52.    Paragraph 52 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 52.

53.    Paragraph 53 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS admits that the cited DOJ Complaint contains the language quoted in Paragraph 53, but denies Plaintiffs' allegations, including Plaintiffs' characterization of this

language, because the DOJ Complaint speaks for itself and consists only of allegations, not evidence.  GSS denies the remaining allegations in Paragraph 53.

54.    Paragraph 54 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS admits that Paragraph 54 cites to the DOJ Complaint and the Competitive Impact Statement ("CIS"), but denies Plaintiffs' allegations, including Plaintiffs' characterization of the conduct purportedly alleged or confirmed in the DOJ Complaint and CIS, because the DOJ Complaint and CIS speak for themselves.

55.    Paragraph 55 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS admits that Geisinger Health added seven hospitals in Pennsylvania from 2012 to 2017, and that each of these transactions were notified to the relevant government authorities for review to the extent such notification was required.  GSS denies the remaining allegations in Paragraph 55.

56.    Paragraph 56 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS admits the cited DOJ Complaint contains the language quoted in paragraph 56, but denies Plaintiffs' allegations, including Plaintiffs' characterization of this language, because the DOJ Complaint speaks for itself and consists only of allegations, not evidence.  GSS denies the remaining allegations in Paragraph 56.

57.     Paragraph 57 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS admits that Paragraph 57 cites to the DOJ Complaint, but denies Plaintiffs' allegations, including Plaintiffs' characterization of the language contained in the DOJ Complaint, because the DOJ Complaint speaks for itself and consists only of allegations, not evidence.  GSS denies the remaining allegations in Paragraph 57.

58.     Paragraph 58 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 58.

59.     Paragraph 59 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 59.

60.     Paragraph 60 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 60.

61.     Paragraph 61 contains conclusions of law to which no response is required.  To the extent a response is required, GSS admits the cited DOJ Complaint contains the language quoted in paragraph 61, but denies Plaintiffs' allegations, including Plaintiffs' characterization of this language, and on this basis.  GSS denies the remaining allegations in Paragraph 61.

62.     Paragraph 62 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 62.

63.     Paragraph 63 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 63.

64.     Paragraph 64 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 64.

65.     Paragraph 65 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 65.

66.     Paragraph 66 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 66.

## **CLASS ACTION ALLEGATIONS**

67.     GSS admits that Plaintiffs purport to bring this action on behalf of the "Class" as defined in Paragraph 67 and denies that class treatment is appropriate in this case.

68.     Paragraph 68 contains legal conclusions to which no response is required.

69.     Paragraph 69 contains a legal conclusion to which no response is required.  To the extent a response is required, GSS denies the allegation in Paragraph 69.

70.     Paragraph 70 contains legal conclusions to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 70.

71.     Paragraph 71 contains legal conclusions to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 71.

72.     Paragraph 72 contains legal conclusions to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 72.

73.     Paragraph 73 contains legal conclusions to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 73.

74.     Paragraph 74 contains legal conclusions to which no response is required.  To the extent a response is required, GSS lacks the knowledge or information sufficient to form an independent basis as to the truth of the allegation

in Paragraph 74, and on this basis, denies them.

75.     Paragraph 75 contains legal conclusions to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 75.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE SHERMAN ACT, 15 U.S.C. § 1**

76.     GSS repeats its responses to the preceding paragraphs as if fully set forth here.

77.     Paragraph 77 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the existence of an illegal agreement and that it, Geisinger Health or any of the other entities affiliated with Geisinger Health, which are not parties to this case, entered into such an agreement.  GSS also denies that the alleged No-Poach Agreement warrants treatment as a *per se* restraint of trade under federal antitrust laws, and asserts that it is instead appropriately addressed under the rule of reason. GSS denies the remaining allegations in Paragraph 77.

78.     Paragraph 78 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 78.

79.     Paragraph 79 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies

the allegations in Paragraph 79 as to itself, but lacks the knowledge or information sufficient to form a belief as to the truth of the allegations as to Evangelical, and therefore denies them on this basis.

80.    Paragraph 80 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 80.

81.    Paragraph 81 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 81.

82.    Paragraph 82 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 82.

83.    Paragraph 83 contains legal arguments and conclusions of law to which no response is required.  To the extent a response is required, GSS denies the allegations in Paragraph 83.

84.    No response is required for Paragraphs 84 to 92, because the Court has dismissed with prejudice Plaintiffs' claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1-201-9.3.  *See* ECF Nos. 66, 67.

## **PRAYER FOR RELIEF**

GSS denies that Plaintiffs, either individually or on behalf of the putative "Class," are entitled to any of the relief sought and requests the entry of judgment in its favor.

## **AFFIRMATIVE DEFENSES**

Without assuming any burden that it would not otherwise bear, GSS asserts the following defenses.  These defenses are pleaded in the alternative, and do not constitute an admission that GSS is in any way liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.  As a defense to the Complaint and each and every allegation contained therein, GSS alleges:

1.     Any and all of GSS's actions challenged by Plaintiffs were lawful, reasonable, justified, constitute bona fide business practices, and were carried out in furtherance of GSS's legitimate business interests, and therefore did not violate any law at issue and have not caused any injury to competition, the public, or Plaintiffs.

2.     GSS did not enter into or engage in any contract, combination, or conspiracy in restraint of trade or participate in any otherwise unlawful conduct.

3.     GSS's conduct did not adversely affect competition in any relevant market or markets.

4.     Plaintiffs have failed to properly define a relevant market or relevant markets.

5.     Plaintiffs fail to state a claim upon which relief can be granted because the purported claims against GSS and the allegations upon which they are

based are improperly vague, ambiguous, and confusing.

6.     Plaintiffs' claims, and claims of any putative class members, are barred in whole or in part by the applicable statute of limitations.

7.     Plaintiffs' claims, and claims of any putative class members, are barred in whole or in part because Plaintiffs have failed to allege fraud and/or fraudulent concealment with particularity.

8.     Plaintiffs, and any putative class members, lack standing, including but not limited to Article III standing, to bring their claims.

9.     Plaintiffs, and any putative class members, have not suffered harm as a result of any conduct by GSS.

10.     Plaintiffs, and any putative class members, lack standing, because they have not suffered antitrust injury.

11.     Plaintiffs' claims are barred by their own actions and/or failures to act.

12.     Plaintiffs' claims, and claims of any putative class members, are barred in whole or in part by the failure of Plaintiffs to mitigate, or attempt to mitigate, their damages.

13.     GSS's alleged actions were not the but-for or proximate cause of Plaintiffs' alleged harm, or the alleged harm of any putative class members.

14.     Plaintiffs' claims, and the claims of any putative class members, for damages are barred because the alleged damages are speculative and because of the

impossibility of ascertaining and allocating those alleged damages.

15.     Plaintiffs' claims, and claims of any putative class members, are barred in whole or in part by the doctrines of waiver, estoppel, and/or laches.

16.     Plaintiffs' claims, and claims of any putative class members, are barred in whole or in part because they cannot be maintained as a class action.

17.     Plaintiffs' claims, and claims of any putative class members, for equitable relief are barred in whole or in part because Plaintiffs have an adequate remedy at law.

18.     Plaintiffs' claims, and claims of any putative class members, for injunctive relief are barred in whole or in part insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

19.     Plaintiffs' claims, and the claims of any putative class members are barred to the extent they have agreed to arbitration or agreed to a different forum for the resolution of their claims against GSS.

20.     Plaintiffs' claims, and claims of any putative class members, are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure, because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and/or do not involve questions of law or fact common to GSS and Evangelical.

21.    GSS avers that it is entitled to offset any amounts paid to Plaintiffs in any settlement.

22.    Plaintiffs' claims, and claims of any putative class members, to damages and/or certain remedies are barred in whole or in part to the extent that Plaintiffs have released or waived, under any applicable contract, settlement or otherwise, their rights to those remedies, including, but not limited to, treble damages and attorneys' fees.

23.    Plaintiffs' claims are barred, in whole or in part, to the extent the injuries alleged in the Complaint, the fact and extent of which GSS expressly denies, were directly and proximately caused by or contributed to by the statements, acts or omissions of Plaintiffs or third parties or entities unaffiliated with GSS.

24.    GSS incorporates by reference any additional defenses asserted by Evangelical.

25.    GSS presently has insufficient knowledge or information as to whether it may have additional, yet unasserted, affirmative defenses.  GSS therefore reserves the right to assert additional defenses, counterclaims, cross-claims, and third-party claims in the event that discovery and the factual developments in this case indicate that such additional defenses or claims would be appropriate.

WHEREFORE, Defendant GSS respectfully requests that the Court:

1) enter judgment in favor of GSS and against Plaintiffs on all of their claims;

2) dismiss the Complaint with prejudice and enter judgment in favor of GSS;

3) award GSS its costs, expenses and attorneys' fees; and

4) award such other relief as the Court deems just and proper.

## **JURY DEMAND**

GSS demands for a jury trial on some or all of the issues raised in the Complaint.

Dated:  February 23, 2023

Respectfully submitted,

By: */s/Stefan M. Meisner*

Stefan M. Meisner (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Phone: (202) 624-2500
smeisner@crowell.com

Chahira Solh (*pro hac vice*)
CROWELL & MORING LLP
3 Park Plaza, Ste. 20th Floor
Irvine, CA 92614
Phone: (949) 798-1367
csolh@crowell.com

Rosa M. Morales (*pro hac vice*)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
Phone: (212) 895-4261
rmorales@crowell.com

Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
MYERS BRIER & KELLY LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
Phone: (570) 342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com
rarmezzani@mbklaw.com

*Attorneys for Defendant Geisinger*
*System Services*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on this 23rd day of February 2023, a true and correct copy of the **DEFENDANT GEISINGER SYSTEM SERVICES'S ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** was filed with the Court's Case Management/Electronic Filing System and served on counsel of record for all parties in the above-captioned action, including:

Eric L. Cramer
Shanon Jude Carson
Daniel J. Walker
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA  19103
Telephone: (215) 875-4604
ecramer@bm.net
scarson@bm.net
msuter@bm.net

Daniel J. Walker
**BERGER MONTAGUE PC**
2001 Pennsylvania Ave., NW, # 300
Washington, DC  20006
Telephone: (202) 559-9745
dwalker@bm.net

Adam J. Zapala
Elizabeth T. Castillo
James G.B. Dallal
Tamarah P. Prevost
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA  94010
Telephone:  (650) 697-6000
azapala@cpmlegal.com
ecastillo@cpmlegal.com
jdallal@cpmlegal.com
tprevost@cpmlegal.com

Alexander E. Barnett
**COTCHETT, PITRE & McCARTHY**
40 Worth Street, 10th Floor
New York, NY  10013
Telephone: (212) 201-6820
abarnett@cpmlegal.com

*Interim Co-Lead Counsel for Plaintiffs
and the Proposed Class*

Norman Armstrong, Jr.
Shannon Kasley
**KING & SPALDING LLP**
1700 Pennsylvania Avenue
Washington, DC  20006
Telephone: (202) 626-8979
narmstrong@kslaw.com
skasley@kslaw.com

Stephanie Resnick
Theodore H. Jobes
John Fuller
**FOX ROTHSCHILD LLP**
2000 Market Street, 20th Floor
Philadelphia, PA  19103-3222
Telephone: (215) 299-2000
sresnick@foxrothschild.com
tjobes@foxrothschild.com
jfuller@foxrothschild.com

*Attorneys for Defendant Evangelical
Community Hospital*