

ERIC L. CRAMER / *CHAIRMAN*
d 215.875.3009  m 215.327.9583  |  ecramer@bm.net

March 31, 2023

**VIA ECF**
Chief Judge Matthew W. Brann
U.S. District Court Middle District of Pennsylvania
U.S. Courthouse and Federal Office Building
240 West Third Street, Suite 218
Williamsport PA 17701

Re:   *In re Geisinger Sys. Servs. and Evangelical Cmty. Hosp. Healthcare Workers' Antitrust Litig.*, No. 4:21–cv–196 (MWB)

Dear Chief Judge Brann:

    I write on behalf of Plaintiffs in the above-captioned matter in response to the letter submitted by Geisinger System Services and Evangelical Community Hospital ("Defendants") (ECF No. 111).

    Defendants purport to find ambiguity in the Court's February 7, 2022 Case Management Order ("CMO") (ECF No. 80), which established a schedule for this case following extensive briefing in the parties' Joint Case Management Plan (ECF No. 76), and a hearing in the Court's Rule 16 conference held on January 19, 2022. Defendants assert that it is unclear whether the Court's "[d]eadline to serve expert reports on all issues on which a party as the burden of proof" means what it says (*i.e.*, that there should be one round of expert reports and those reports should cover all relevant class certification and merits issues), or whether the deadline was instead intended only for submitting expert reports regarding class certification issues.

    Putting aside the clear language of the CMO, upon which Plaintiffs have been relying for many months, the prior litigation of this same issue makes clear there is no ambiguity. As Plaintiffs pointed out to Defendants during their meet and confer, this very issue was briefed and discussed extensively during the Court's Rule 16 conference. Indeed, whether there should be one or two rounds of expensive and lengthy expert reports was



one of the very few issues in dispute at that conference, after which Your Honor announced that the Court agreed with Plaintiffs that there should be a single round of expert reports on all issues following fact discovery. The Court then adopted Plaintiffs' proposed schedule and entered the CMO with dates and sequencing that are essentially identical to the dates that Plaintiffs had proposed. Plaintiffs are surprised that Defendants would claim ambiguity in light of this record. Defendants' request is effectively an out of time motion for reconsideration in disguise.

In the Joint Case Management Plan, Plaintiffs proposed a schedule that would have one period of fact discovery on all issues (including as to class certification and merits), then a single round of expert reports on all issues, followed by a single period of expert depositions. Plaintiffs' proposed schedule then included a period of class certification briefing, then a hearing on class certification, and then summary judgment briefing. *See* ECF No. 76-1 (Plaintiffs' proposed schedule); ECF No. 76-2 (Plaintiffs' statement in support of proposed schedule). Notably, the schedule ultimately set forth in the CMO contained **identical dates** for expert reports, the deadline for expert discovery, and class certification briefing, with the sole exception being that Plaintiffs had proposed a longer period for class certification reply briefs than what was ultimately adopted by the Court. *See* ECF No. 80 (CMO).

By contrast, Defendants advocated for a schedule that would first focus only on a very early class certification motion—indeed, Defendants' proposed schedule called for a class certification motion to be filed **in January 2023**. ECF No. 76-3 (Defendants' proposed schedule); ECF No. 76-4 (Defendants' statement in support of proposed schedule). Defendants further proposed that a second round of merits-related expert reports would be filed much later, in December 2023 (or even later depending on when the class certification decision is entered). *Id.* Comparing the parties' dueling scheduling proposals and the CMO ultimately entered by the Court, there is no ambiguity that the Court adopted Plaintiffs' proposal and rejected Defendants' proposal to bifurcate class and merits expert disclosures and discovery.

Finally, Plaintiffs will not burden this letter with a recounting of the many reasons that adopting Plaintiffs' unified approach to class and merits



Page 3 of 5

expert discovery will decrease the burdens on the parties, reduce costs, shorten the schedule, and promote greater efficiency because those arguments were briefed thoroughly in the Joint Case Management Plan and ultimately credited by the Court. *See* ECF Nos. 76, 76-2, 76-4.

      Plaintiffs look forward to discussing this matter with Your Honor on April 4, 2023.



Page 4 of 5

Respectfully submitted,

*/s/ Eric L. Cramer*
Eric L. Cramer (PA Bar No. 69289) (*Pro Hac Vice*)
Shanon Jude Carson
(PA Bar No. 85957)
**BERGER MONTAGUE PC**
1818 Market Street
Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-4604
Fax: (215) 875-5707
ecramer@bm.net
scarson@bm.net

Adam J. Zapala (*Pro Hac Vice*)
Elizabeth T. Castillo (*Pro Hac Vice*)
James G. Dallal (*Pro Hac Vice*)
**COTCHETT, PITRE & MCCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Phone: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
jdallal@cpmlegal.com

Daniel J. Walker (*Pro Hac Vice*)
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW
Suite 300
Washington, DC 20006
Phone: (202) 559-9745
Fax: (215) 875-5707
dwalker@bm.net

Alexander E. Barnett (*Pro Hac Vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
40 Worth Street, 10th Floor
New York, NY 10013
Phone: (212) 201-6820
abarnett@cpmlegal.com

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*



# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this 31st day of March 2023, a true and correct copy of this letter was filed with the Court's Case Management/Electronic Case Filing System and served upon all counsel known to be representing Defendants.

      */s/ Eric L. Cramer*

      Eric L. Cramer