# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE GEISINGER SYSTEM SERVICES AND EVANGELICAL COMMUNITY HOSPITAL HEALTHCARE WORKERS ANTITRUST LITIGATION | No.: 4:21–cv–196<br><br>Chief Judge Brann |

**PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs Nichole Leib and Kevin Brokenshire ("Plaintiffs"), by and through their undersigned counsel, hereby submit these amended responses and objections to Defendants' Second Set of Interrogatories (the "Interrogatory"). All responses contained herein are based only upon such information and documents presently available and specifically known to Plaintiffs. Further independent discovery, independent investigation, legal research, and analysis may supply additional facts and/or add meaning to the known facts. The objections hereinafter set forth below are given without prejudice to Plaintiffs' right at trial to produce evidence of any subsequently discovered fact or facts that may later develop.

**GENERAL OBJECTIONS**

Plaintiffs generally object to the Interrogatory on the following grounds, each of which is incorporated by reference in the response below.

1

1.      Plaintiffs object to the Interrogatory to the extent it seeks information protected by attorney client privilege, attorney work product doctrine, or other privileges or immunities. Plaintiffs will not produce any such information. In responding to this Interrogatory, Plaintiffs do not waive any privilege or protection; any disclosure or production of privileged or protected information or documents is inadvertent and will not waive any privileges or protections.

2.      Plaintiffs object to the Interrogatory to the extent it seeks information that is outside of Plaintiffs' possession, custody, or control, or that is not known or reasonably available to Plaintiffs, and to the extent that it purports to impose upon Plaintiffs a duty to seek and provide information not available to them.

3.      Plaintiffs object to the Interrogatory to the extent it purports to require Plaintiffs to disclose information concerning any consultant, vendor, or other person or entity retained by Plaintiffs' counsel on the grounds that such disclosure violates the attorney work product doctrine and is not required by the Federal Rules of Civil Procedure.

4.      Plaintiffs object to the Interrogatory to the extent it requires Plaintiffs to disclose information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.

5.      Plaintiffs object to the Interrogatory to the extent it calls for or requires Plaintiffs to respond on behalf of absent class members, including former

proposed class representatives, on the grounds that such discovery is not required by the Federal Rules of Civil Procedure and the applicable Local Rules.

6. Plaintiffs object to each of the instructions to the extent that they call for or require Plaintiffs to do some act that is not required by the Federal Rules of Civil Procedure and the applicable Local Rules.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Plaintiffs object to the definition of the term "Plaintiffs" to the extent the definition encompasses persons or entities other than the Plaintiffs.

2. Plaintiffs object to Instruction No. 5 to the extent it calls for Plaintiffs to provide information not within their possession, custody, and control, or that would be beyond the scope of information discoverable under Fed. R. Civ. P. 33.

3. Plaintiffs object to Instruction No. 7 as unduly burdensome and not proportional to the needs of the case to the extent it calls for Plaintiffs to provide information pre-dating the Class Period and information not relevant to any claims or defenses asserted in this litigation.

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 11:** Identify and describe in detail how Plaintiffs have ensured that potentially responsive documents were preserved and collected in this action from each Plaintiff, including:

3

i. all instructions provided to each custodian and non-custodial data manager to preserve potentially responsive documents under their control, and the dates of any such instructions;

ii. all additional steps taken to preserve in place or via collection potentially responsive documents, for each custodian and non-custodial source;

iii. all Repositories and other sources of potentially responsive documents where Plaintiffs preserved, searched and/or collected documents for review and production in this matter, for each custodian and non-custodial source;

iv. all instructions to each custodian, non-custodial data managers, and collections agents regarding the method and process to search for documents, including search terms, parameters, date and file restrictions, and processes;

v. the manner and method of the collection, including how data integrity and metadata were preserved;

vi. each person and/or entity that performed each search and collection, identifying the data source searched and collected for each; and

vii. the steps taken by counsel for Plaintiffs to oversee preservation, search and collection in this case to ensure it was appropriately performed, including all quality control steps.

**RESPONSE TO INTERROGATORY NO. 11:** Plaintiffs incorporate the General Objections and the Objections to Definitions and Instructions as if fully set forth below. Plaintiffs object to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs object to this Interrogatory to the extent it seeks information protected by attorney-client privilege, attorney work product doctrine, and any other applicable privilege. Plaintiffs object to this Interrogatory to the extent it seeks information from third-parties, including any consultant or vendor. Plaintiffs further object to this Interrogatory as vague and ambiguous because the phrases "data manager," "collections agents," "parameters," and "processes" are undefined and unclear. Subject to and without waiving the foregoing objections, Plaintiffs respond as follows.

Prior to filing the original Complaint in February 2021, Plaintiffs' counsel described to each Plaintiff the nature of his or her obligation to preserve and collect potentially relevant documents, including physical and electronically-stored information ("ESI"). In January 2022, Plaintiffs' counsel again spoke with Plaintiffs regarding expected discovery in this case. In June and July 2022,

Plaintiffs' counsel discussed Defendants' First Set of Requests for Production of Documents ("RFPs") with each Plaintiff. Plaintiffs timely served their Objections and Responses to Defendants' RFPs on June 27, 2022. Plaintiffs' counsel then negotiated with Defendants regarding the scope of Defendants' RFPs throughout July and August 2022.

Throughout and following the parties' negotiations on scope, Plaintiffs' counsel communicated with Plaintiffs regarding each RFP to determine what potentially responsive documents exist, if any, and how such documents might be identified, collected, and produced. Plaintiffs' counsel discussed potential sources of responsive documents with each Plaintiff and instructed each Plaintiff to pull his or her records for any document responsive to Defendants' RFPs, without any limitation for file date or location.

In August 2022, Mr. Brokenshire informed Plaintiffs' counsel that he only had physical copies of potentially responsive documents. Mr. Brokenshire sent Plaintiffs' counsel photographs of the physical documents. In September 2022, Ms. Leib identified potentially responsive emails in her possession in connection with her Verizon email account and forwarded these emails to Plaintiffs' counsel. These documents from Plaintiffs Brokenshire and Leib were produced to Defendants by October 2022.

After negotiations with Geisinger's counsel relating to the metadata for Ms. Leib's previously produced emails, in April 2023, Plaintiffs' counsel communicated with Ms. Leib to discuss conducting a forensic collection of her Verizon email account. Plaintiffs' counsel engaged a third-party data vendor, Ricoh USA, Inc., to conduct this collection. Plaintiffs' counsel reviewed the resulting collection and produced responsive emails in native custodial format by June 2023.

Following the July 21, 2023 status conference, Plaintiffs' counsel again requested each Plaintiff to identify whether and where additional discoverable documents might exist. Plaintiffs identified certain possible sources of potentially responsive documents and Plaintiffs' counsel engaged a third party, Downstreem, LLC, to conduct forensic collections of these sources in August 2023. Plaintiffs' counsel reiterated instructions to Plaintiffs regarding preservation of all potentially relevant electronic and physical documents.

Downstreem, LLC conducted a forensic collection of the following sources of documents for Plaintiff Brokenshire:

- Mr. Brokenshire's personal cell phone, which included collecting text message files, contacts, and photographs; and

- The AOL email account belonging to Mr. Brokenshire's wife.

Additionally, Mr. Brokenshire investigated whether he could access his Hotmail email account, including by attempting to reset his login credentials. To his knowledge, Mr. Brokenshire's Hotmail account is no longer accessible and was subject to a Microsoft retention policy whereby his account was deactivated due to inactivity. Mr. Brokenshire is not in possession, custody, or control of any prior cell phones, and this has been true since before his involvement in this litigation. Mr. Brokenshire is not aware of any other sources of ESI in his possession, custody, or control that might contain responsive documents.

Downstreem, LLC has completed or is in the process of conducting a forensic collection of the following sources of documents for Plaintiff Leib:

- Ms. Leib's personal cell phone, which included collecting text message files, contacts, and photographs;
- Ms. Leib's personal laptop;
- Ms. Leib's personal iPad;
- Ms. Leib's Verizon email account; and
- Any communications to and from Ms. Leib's LinkedIn, Indeed, and Facebook accounts.

Additionally, Ms. Leib investigated whether she could access her Wildblue email account, including by attempting to reset her login credentials. To her knowledge, Ms. Leib's Wildblue account is no longer accessible. Ms. Leib continues to

investigate whether any potentially responsive documents exist and are accessible from other websites, including UHC.com and Davita.com. Ms. Leib is not aware of any other sources of ESI in her possession, custody, or control which might contain responsive documents.

Plaintiffs did not employ any preliminary filters for date range or content during the collection of these sources. Plaintiffs intend to use search terms to identify documents from these sources that Plaintiffs' counsel will review for responsiveness and privilege. Plaintiffs will then produce any non-privileged documents responsive to Defendants' RFPs. Plaintiffs are formulating a list of search terms and will share these with Defendants shortly. Plaintiffs invite Defendants to make counterproposals on the search terms if they wish.

The forensic collection process employed by Plaintiffs' counsel ensures data integrity and preservation of metadata. The third-party data vendors directly accessed the sources of ESI and collected unfiltered and unaltered data. The third-party data vendors used software, workflows, and tools accepted in the industry. This approach guarantees data integrity and preservation of metadata, in accordance with industry standards for gathering and producing ESI for litigation.

Plaintiffs' counsel provided instructions and guidance to Plaintiffs in their initial search and collection for potentially relevant documents, discussing possible sources and collection methods, to ensure that this was properly performed.

Plaintiffs' counsel also directly engaged and then oversaw the forensic collection of Plaintiffs' documents by the third-party vendors, to ensure it was appropriately performed.

Dated: August 21, 2023

/s/ J. Taylor Hollinger
Eric L. Cramer (PA Bar No. 69289) (*Pro Hac Vice*)
Shanon Jude Carson (PA Bar No. 85957)
Candice J. Enders (PA Bar No. 92107) (*Pro Hac Vice*)
Michael J. Kane (PA Bar No. 73998) (*Pro Hac Vice*)
Michaela L. Wallin (*Pro Hac Vice*)
J. Taylor Hollinger (PA Bar No. 332706) (*Pro Hac Vice*)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-4604
Fax: (215) 875-5707
ecramer@bm.net
scarson@bm.net
cenders@bm.net
mkane@bm.net
mwallin@bm.net
thollinger@bm.net

Daniel J. Walker (*Pro Hac Vice*)
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue NW, Suite 300
Washington, DC 20006
Phone: (202) 559-9745
dwalker@bm.net

Adam J. Zapala (*Pro Hac Vice*)
Elizabeth T. Castillo (*Pro Hac Vice*)
James G. Dallal (*Pro Hac Vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Phone: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
jdallal@cpmlegal.com

Alexander E. Barnett (*Pro Hac Vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
40 Worth Street, 10th Floor
New York, NY 10013
Phone: (212) 201-6820
abarnett@cpmlegal.com

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

## CERTIFICATION OF SERVICE

I, Taylor Hollinger, hereby certify that on this 21st day of August 2023, I served to Defendants a copy of the foregoing Plaintiffs' Amended Objections and Responses to Defendants' Second Set of Interrogatories via electronic mail upon the following Counsel:

Chahira Solh
**CROWELL & MORING LLP**
3 Park Plaza, Ste. 20th Floor
Irvine, CA 92614-8505
Tel: (949) 798-1367
csolh@crowell.com

Stefan M. Meisner
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue NW
Washington, DC 20004
Tel: (202) 624-2500
smeisner@crowell.com

Rosa M. Morales
**CROWELL & MORING LLP**
590 Madison Avenue, 20th Floor
New York, NY 10022
Tel: (212) 895-4261
rmorales@crowell.com

Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
**MYERS, BRIER & KELLY LLP**
425 Spruce Street, Suite 200
Scranton, PA 18503
Tel: (570) 342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com

John C. Fuller
Stephanie Resnick
Theodore H. Jobes
Shannon M. Doughty
**FOX ROTHSCHILD LLP**
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Tel: 215-299-3815
Fax: 215-299-2150
jfuller@foxrothschild.com
sresnick@foxrothschild.com
tjobes@foxrothschild.com
sdoughty@foxrothschild.com

Norman Armstrong, Jr.
**KING & SPALDING LLP**
1700 Pennsylvania Avenue
Washington, DC 20006
Tel: 202-626-8979
narmstrong@kslaw.com

*Attorneys for Defendant Evangelical Community Hospital*

rarmezzani@mbklaw.com

*Attorneys for Defendant Geisinger System Services*

                                                     */s/ J. Taylor Hollinger*
                                                     J. Taylor Hollinger