**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE GEISINGER SYSTEM SERVICES AND EVANGELICAL COMMUNITY HOSPITAL HEALTHCARE WORKERS ANTITRUST LITIG. | No.: 4:21–cv–196 (MWB)<br><br>Chief Judge Brann |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR LEAVE TO TAKE THE DEPOSITION OF DANESE BROKENSHIRE**

Defendants Evangelical Community Hospital and Geisinger System Services ("Defendants"), by and through their respective undersigned counsel, hereby request that the Court grant Defendants leave to take the deposition of non-party Danese Brokenshire ("Ms. Brokenshire").

## I.    INTRODUCTION

For more than a year, Defendants have sought specific information regarding Plaintiffs' preservation and collection efforts because Defendants are concerned about potential spoliation. During that time, Mr. Brokenshire has responded, albeit deficiently, in written discovery regarding the preservation efforts that he purportedly undertook. What became clear for the first time at Mr. Brokenshire's December 6, 2023 deposition, however, was that he did not participate in the preservation or collection of his documents and has no knowledge of the specific steps taken to comply with his discovery obligations.

1

As Mr. Brokenshire testified, his wife, Ms. Brokenshire, was solely and exclusively responsible for collecting and preserving his electronic documents. While Defendants may have been aware that Mr. and Ms. Brokenshire shared email accounts and devices, they could not have been aware that Mr. Brokenshire would not be able to offer *any* testimony whatsoever as to his specific preservation efforts. To the contrary, the written representations made on his behalf during discovery made it appear that Mr. Brokenshire was an active participant in preservation—purportedly receiving instructions from counsel regarding his preservation obligations and reporting back to counsel regarding the results of his collection and preservation efforts. In fact, Mr. Brokenshire was not personally conducting any collection or preservation and his discovery responses contained no mention of Ms. Brokenshire's purported preservations efforts on his behalf.

As it has only now become clear that Ms. Brokenshire is the only individual with knowledge of the steps taken to preserve Mr. Brokenshire's documents, Defendants should be permitted to take her deposition. Plaintiffs must not be permitted to hide behind their obfuscation as to the collective conduct of the Brokenshires.

The deposition of Ms. Brokenshire can be conducted forthwith and will not impact any of the other deadlines in the current case management order. ECF No. 152.

## II.   <u>**RELEVANT FACTUAL BACKGROUND**</u>

Plaintiffs' failure to provide adequate responses regarding their collection and preservation of documents has already required Court intervention. *See* ECF Nos. 125, 135, 144. Most recently, during a status conference on July 21, 2023, the Court ordered Plaintiffs to fully respond to Defendants' Requests for Production and Defendants' Interrogatory No. 11. The Court affirmed that order at the November 1, 2023 status conference.

As a result, the Parties submitted a Joint Motion for the Extension of the Deadlines under the Case Management Order which Court granted on November 13, 2023. ECF Nos. 150, 152. Among other limited discovery issues to be resolved during the extension of the discovery period were Plaintiffs' deficient response to Defendants Interrogatory No. 11 (relating to preservation and collection efforts) and for Mr. Brokenshire and Ms. Leib to "each sit for a deposition concerning only discovery produced after their June and July 2023 depositions" (discovery which resulted from third party forensic collection of their electronic devices and accounts). Pursuant to the agreed schedule, the close of fact discovery was extended until December 13, 2023.

On November 22, 2023, Plaintiffs served their Second Amended Responses and Objections to Interrogatory No. 11, which continued to lack specific information regarding Mr. Brokenshire's preservation efforts and contained

unverified information about relevant sources of documents and communications. *See* Plaintiffs' Second Amended Responses and Objections to Defendants' Second Set of Interrogatories ("Second Amended Responses"), attached hereto as Exhibit A.

On December 6, 2023, Mr. Brokenshire sat for his continued deposition. As set forth below, during the course of his deposition, Mr. Brokenshire testified ███ ███████████████████████████████████████████████████████████████ ██████████

On December 11, 2023, counsel for Geisinger System Services, on behalf of all Defendants, informed Plaintiffs' counsel that Defendants intended to seek Ms. Brokenshire's deposition and sought Plaintiffs' concurrence. As reflected in the email exchanges attached hereto as Exhibit B, counsel conferred regarding Defendants' request and Plaintiffs asserted that they opposed the request on December 12, 2023. On December 12 and again on December 13, counsel for Defendants inquired as to whether Plaintiffs' counsel would accept service of a Subpoena directed to Ms. Brokenshire but have not received a definitive response. *See id.* On December 13, 2023, Defendants attempted to serve Ms. Brokenshire with a Subpoena and continue their efforts to serve her.

### III.   **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide that a pretrial schedule may be modified for "good cause" and "with the judge's consent." Fed. R. Civ. P. 16(b)(4).  To establish "good cause" the moving party need only show "due diligence" which "[i]n the context of requests to extend deadlines, courts have defined … to include circumstances beyond the control of a party." *Perez v. Great Wolf Lodge of the Poconos LLC*, 3:12-CV-01322, 2017 WL 559704, *3 (M.D. Pa. Feb. 10, 2017).  "[T]he existence of 'good cause' turns on a variety of factors, including: (1) whether the moving party's lack of diligence or the opposing party's conduct contributed to the delay; (2) potential prejudice caused by the discovery extension' and (3) any other factors the trial court, in its discretion, determines to be relevant." *Wilson v. TA Operating, LLC*, No. 4:14-cv-00771, 2016 WL 4974966, at *1 (M.D. Pa. June 14, 2016) (citing *Trask v. Olin Corp.*, 298 F.R.D. 244, 267 (W.D. Pa. 2014)).  "A court may find good cause to amend the scheduling order where the movant learns of the facts supporting [the motion] after the expiration of the relevant deadline." *Quick v. Geo Grp., Inc.*, No. 3:18-CV-93, 2019 WL 3860556, at *2 (W.D. Pa. Aug. 16, 2019) (finding good cause and granting limited discovery extension where moving party required additional time to review nonmoving party's late disclosures).  *See also Boylington v. Percheron Field Services, LLC*, 2017 WL 5633171, *3 (W.D. Pa. Nov. 17, 2017) (granting

limited discovery extension where prejudice to nonmoving party was minimal and would not otherwise greatly impact other litigation deadlines).

IV.   **ARGUMENT**

> **i.    Mr. Brokenshire represented that he engaged in the collection and preservation of his documents.**

In their Second Amended Reponses, served on November 22, 2023, Plaintiffs represented that Mr. Brokenshire was responsible for the collection and preservation of his documents. The Second Amended Responses, submitted on behalf of Mr. Brokenshire and Ms. Leib, represented that counsel had "described to each Plaintiff the nature of his or her obligation to preserve and collect potentially relevant documents, including physical material and electronically-stored information ("ESI")."  Ex. A, at 5. The Responses also represented that "[i]n an email dated August 4, 2022, *Mr. Brokenshire* informed Plaintiffs' counsel that he only had physical copies of potentially responsive documents and that he did not have any responsive emails." *Id.* at 6 (emphasis added).

The Second Amended Responses did not identify Ms. Brokenshire's involvement in the collection and preservation of Mr. Brokenshire's documents, let alone that she, not Mr. Brokenshire, conducted all collection and preservation efforts on his behalf.

###### ii. Mr. Brokenshire had no meaningful knowledge regarding his own purported document preservation efforts.

At his December 6, 2023 deposition, Mr. Brokenshire made clear that his wife was solely and exclusively responsible for preserving his documents since he became a plaintiff in this case. Mr. Brokenshire was unable to provide any firsthand knowledge about the steps Ms. Brokenshire undertook to preserve his documents. Mr. Brokenshire repeatedly stated his utter lack of knowledge regarding the steps taken to preserve his documents and that Ms. Brokenshire is the source of this information and testified as follows:









Critically, Mr. Brokenshire could not confirm how documents were searched, which documents were searched or saved, when they were saved, what specific steps were taken to ensure their preservation, and whether those documents had been produced in this case.

In addition, despite identifying (in his November 22, 2023 response to Interrogatory No. 11) a Gmail account that he "created" and used to access and collect information from his Facebook account, Mr. Brokenshire had no knowledge at his December 6 deposition about the existence of a Gmail account belonging to him. Mr. Brokenshire testified:





.        .        .

.        .        .

In light of Plaintiffs' representations that Mr. Brokenshire personally undertook preservation efforts in their Interrogatory responses (*see* Second Amended Reponses at 5-6) and Mr. Brokenshire's testimony to the contrary, Defendants should be afforded the opportunity to depose the genuine actor, Ms. Brokenshire.

### iii. Ms. Brokenshire's deposition is necessary to fully assess whether Mr. Brokenshire met his preservation obligations in this case.

As previewed in prior submissions, Defendants have serious concerns that Plaintiffs have spoliated evidence due to lack of preservation and insufficient collection. *See* ECF Nos. 135, 144. The Court recognized Defendants' entitlement

to such information, including regarding the specific steps taken to preserve potentially responsive documents, in its prior orders instructing plaintiffs to provide information regarding their preservation efforts.  Unfortunately, Defendants still lack any meaningful detail regarding Mr. Brokenshire's preservation efforts. As Defendants learned during Mr. Brokenshire's December 6 testimony, it is Ms. Brokenshire who possesses such information.

For more than a year, Defendants have been diligent in their efforts to obtain information regarding Mr. Brokenshire's preservation efforts.  Given the unique circumstances that only recently came to light, there is good cause for the Court to permit Defendants to seek Ms. Brokenshire's deposition. Indeed, Plaintiffs' longstanding obfuscation has prevented Defendants from obtaining the assurances they need to confirm whether Mr. Brokenshire spoliated relevant evidence, which is prejudicial to their ability to fully defend against Plaintiffs' claims.

Defendants can conduct the deposition of Ms. Brokenshire without the need to modify any of the other deadlines in the current case management order. ECF No. 152.

## V.   **CONCLUSION**

For the foregoing reasons, Defendants respectfully request the Court to enter an Order granting their request for leave to seek a limited deposition of Danese Brokenshire on the above topics.

Respectfully submitted,

_/s/ John C. Fuller_

Stephanie Resnick
Theodore H. Jobes
John Fuller
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Telephone:  (215) 299-2000
sresnick@foxrothschild.com
tjobes@foxrothschild.com
jfuller@foxrothschild.com

Norm Armstrong, Jr.
KING & SPALDING LLP
1700 Pennsylvania Avenue
Washington, DC 20006

*Counsel for Defendant Evangelical Community Hospital*

_/s/Chahira Solh_

Chahira Solh (*Pro Hac Vice*)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
Phone: (949) 798-1367
csolh@crowell.com

Stefan M. Meisner (*Pro Hac Vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Phone: (202) 624-2500
smeisner@crowell.com

Rosa M. Morales (*Pro Hac Vice*)
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
Phone: (212) 895-4261
rmorales@crowell.com

Daniel T. Brier
Donna A. Walsh
Richard L. Armezzani
MYERS BRIER & KELLY LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
Phone: (570) 342-6100
dbrier@mbklaw.com
dwalsh@mbklaw.com
rarmezzani@mbklaw.com

*Counsel for Defendant Geisinger System Services*