# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE GEISINGER SYSTEM SERVICES AND EVANGELICAL COMMUNITY HOSPITAL HEALTHCARE WORKERS ANTITRUST LITIGATION | No.: 4:21–cv–00196 (MWB)<br><br>Chief Judge Brann |

**OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO RE-OPEN DISCOVERY TO DEPOSE NON-PARTY DANESE BROKENSHIRE**

I.      **INTRODUCTION**

Defendants have moved the Court to re-open discovery to allow them to depose non-party Danese Brokenshire, the wife of one of the named Plaintiffs in this case, Kevin Brokenshire. ECF Nos. 160, 161. Pursuant to Fed. R. Civ. P. 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Plaintiffs respectfully request that the Court deny this motion, as Defendants cannot demonstrate good cause for their request.

Defendants have not shown the basic due diligence required to establish good cause in seeking a late amendment to a court-ordered schedule. Defendants claim that they must be permitted to depose Ms. Brokenshire because they only recently discovered that "Ms. Brokenshire is the only individual with knowledge of the steps taken to preserve Mr. Brokenshire's documents." Brief at 2. This is untrue. Defendants have known for *months* that Mr. Brokenshire relied on his wife for management of any electronic documents, that this was done on Ms. Brokenshire's email account and laptop, and that Ms. Brokenshire preserved these electronic documents. 

1



Despite explicit notice of Ms. Brokenshire's first-hand knowledge of preservation efforts and her control over the documents at issue, Defendants waited five months and well-past the close of fact discovery to assert a need for Ms. Brokenshire's deposition. What is more, Defendants already went to the Court, twice, demanding additional documents and information about Plaintiffs' discovery processes. The Court adjudicated these disputes. Defendants cannot now be permitted to again return to this issue, based on facts they had months before close of fact discovery. Such behavior is precisely what the good cause and due diligence requirements are intended to guard against.

Nor do Defendants' supposed "concerns" about spoliation justify reopening discovery to depose Ms. Brokenshire. Defendants tellingly reference no facts, cite no record evidence, and cite no caselaw in making these claims. Courts require parties asserting spoliation to prove a four-part test regarding the nature of the evidence destroyed and the manner of its loss. *See Nelson v. Mroczka,* No. 4:22–cv–01238, 2023 WL 5652007, at *1 (M.D. Pa. Aug. 31, 2023) (Brann, C.J.). But Defendants cannot satisfy even the premise of this test because, despite months of discovery on Plaintiffs' discovery processes, Defendants do not point to ***any specific evidence*** that was destroyed. ███████████████████████████████████████████████████████████████████████████████████████

The Court should also deny Defendants' request on grounds that it seeks duplicative, unduly burdensome, and harassing discovery that is beyond the bounds of what Rule 26(b) requires. Any testimony from Ms. Brokenshire would be duplicative, as Plaintiffs' supplemental interrogatory responses already provided detailed information regarding the preservation and collection of documents for Mr. Brokenshire. To the extent Defendants believe they require further information about preservation or collection of Mr. Brokenshire's documents, Plaintiffs have offered to consider supplementing those responses to address this. But Defendants rejected Plaintiffs' offer, have asserted no specific deficiencies with Plaintiffs'

3

responses, and raced off to file this present Motion. Having failed to even articulate a need for specific information, Defendants' insistence on hauling Ms. Brokenshire into a deposition is designed only to harass both the third-party deponent and Mr. Brokenshire, the named Plaintiff.

**II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Over the course of discovery in this case, Plaintiffs have collected and produced documents on behalf of Mr. Brokenshire and made him available for two depositions. Plaintiffs outlined the steps taken for preservation and collection of these documents in detail in their second amended response to Defendants' interrogatory on this subject and summarize them here. *See* ECF No. 161–1 ("Second Amended Responses").

In the fall of 2022, Mr. Brokenshire made an initial production of physical copies of responsive documents after determining he did not have any responsive emails. Defendants deposed Mr. Brokenshire on July 6 and 7, 2023.

Following Mr. Brokenshire's deposition, Defendants sought Court intervention regarding additional sources of documents for Mr. Brokenshire that they claimed should be collected. Defendants also sought to compel Plaintiffs to answer an interrogatory concerning Plaintiffs' discovery processes and to have Plaintiffs sit for additional depositions. The Court directed Plaintiffs to collect additional documents, answer Defendants' interrogatory, and sit for a second

deposition. The Court entered a November 13, 2023 Order directing the original October 31, 2023 deadline for fact discovery be extended until December 13, 2023 "solely for the purpose of allowing" this specified discovery. ECF No. 152.

Plaintiffs' counsel engaged a third party, Downstreem, LLC, to make forensic collections of the additional sources at issue. On Mr. Brokenshire's behalf, Plaintiffs collected documents from his personal cellphone, his wife's email account, his wife's laptop, his Facebook account, and a Gmail account that Mr. Brokenshire created in connection with his Facebook account. ███████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████ Plaintiffs produced the four responsive documents amongst the nearly 115,000 documents collected from these sources.

On November 23, 2023, Plaintiffs provided supplemental responses to Defendants' interrogatory that provided detailed information regarding Plaintiffs' discovery processes, including source-by-source information on preservation, retention and/or deletion policies, collection processes, and search methods. Mr.

5

Brokenshire was deposed for a second time on December 6, 2023. With that, Plaintiffs satisfied the additional limited discovery ordered for Mr. Brokenshire.

Despite knowing of Mr. Brokenshire's use of his wife's computer for months, Defendants waited until December 11, 2023 to inform Plaintiffs that they sought to take her deposition. Plaintiffs responded that, while they disputed any asserted need for further information concerning discovery processes and the timing of this request, Plaintiffs would consider further supplementing their Second Amended Responses if Defendants alleged specific deficiencies therein. ECF No. 161–2, at 1–2. Defendants rejected this effort at compromise and filed a letter-request with the Court the same day. *See* ECF No. 159. On December 15, 2023, Defendants filed a motion for leave to take Ms. Brokenshire's deposition. ECF Nos. 160, 161 ("Brief").

### III.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a pretrial schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This authority extends to requests to reopen discovery. *In re Chocolate Confectionary Antitrust Litig.*, No. 1:08–MDL–01935, 2013 WL 3873225, at *2 (M.D. Pa. July 25, 2013).

"The good cause standard under Rule 16(b) is not a low threshold." *Porcaro v. Nexel Indus., Inc.*, No. 17–cv–02573, 2022 WL 4233836, at *4 (D.N.J. Sept. 14,

2022) (internal quotations and citations omitted). The question of "whether 'good cause' exists under Rule 16(b)(4) depends in part on a [party's] diligence" and "the burden falls on the [movant] to demonstrate good cause and due diligence." *Cauley v. Geisinger Clinic*, No. 4:21–cv–00045, 2023 WL 5672189, at *3 (M.D. Pa. Sept. 1, 2023) (Brann, C.J.) (internal citations omitted).

A court may find due diligence "where the movant learns of the facts supporting [the motion] after the expiration of the relevant deadline." *Quick v. Geo Grp., Inc.*, No. 3:18–cv–00093, 2019 WL 3860556, at *2 (W.D. Pa. Aug. 16, 2019). However, if the moving party "knows or is in possession of the information that forms the basis of the later motion to amend" before the deadline has passed, "the party is presumptively not diligent." *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 280 (E.D. Pa. 2010).

IV.   ARGUMENT

    **A. Defendants Cannot Demonstrate Due Diligence**

Defendants cannot demonstrate the basic due diligence required to show good cause for their request to reopen discovery. Defendants claim that they must be permitted to take Ms. Brokenshire's deposition because Defendants only learned at Mr. Brokenshire's December 6, 2023 deposition that "Ms. Brokenshire is the only individual with knowledge" of preservation and collection efforts for Mr. Brokenshire's documents. Brief at 4. This is wrong. Defendants learned of Ms.

Brokenshire's role in managing Mr. Brokenshire's electronic documents and communications, including that she was responsible for document preservation, in July 2023—months before the end of fact discovery on October 31, 2023.

Indeed, four months before the close of fact discovery and nearly six months before filing this motion with the Court, ███████████████████ ████████████████████████████████████████ ██████████████████████

████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ██████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████ Plaintiffs' counsel

subsequently informed Defendants in a letter dated Aug. 2, 2023 that Mr. Brokenshire used his wife's work laptop for the deposition, since he does not own a computer. ECF No. 140–5, at 2. Defendants accordingly learned Ms. Brokenshire was in possession and control of accounts and devices that were used on Mr. Brokenshire's behalf: her email account and laptop. It was on this basis Defendants demanded Plaintiffs collect documents from Ms. Brokenshire's accounts and devices during the Parties' July 21 and November 1, 2023 status conferences.

It was entirely foreseeable that any additional testimony from Mr. Brokenshire about preservation of these documents would necessarily be limited and would not involve first-person knowledge. ███████████ ███████████████████████████████████[1] It is likewise

---

[1] Defendants mischaracterize Mr. Brokenshire's December 2023 testimony ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Unlike corporations that take "steps" to ensure document retention, Mr. Brokenshire and his wife are individuals who followed instructions to preserve documents related to the litigation by doing precisely that—not deleting those documents. Defendants' insistence that there are additional steps to uncover by deposing Ms. Brokenshire willfully ignores these realities.

9

foreseeable that Mr. Brokenshire would have no direct knowledge of collection efforts regarding Ms. Brokenshire's accounts and devices.[2]

Courts have found that parties do not demonstrate due diligence where they fail to act on information known to them in advance of a case deadline. *See*, *e.g.*, *Cauley*, 2023 WL 5672189, at *3 (no due diligence where movant waited 94 days to act upon receipt of relevant information); *Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. 08–cv–03121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (denying plaintiff's motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline"); *Doss v. Hartford Life & Accident Ins. Co.*, No. 1:20–cv–00907, 2022 WL 4472964, at *2 (E.D. Cal. Sept. 26, 2022) (denying request to re-open discovery to conduct fact deposition where there were no "reasonably unforeseeable circumstances or new and previously unavailable information.") (internal citations omitted); *Krueger v. Wyeth, Inc.*, No. 03–cv–02496, 2012 WL 4338710, at *3 (S.D. Cal. Sept. 20, 2012) (no good cause to re-open discovery for additional depositions where movant "recogniz[ed] that additional depositions might be beneficial" but "did not seek relief prior to the expiration of the discovery period").

---

[2] What is more, there should be no expectation that Mr. Brokenshire *or* Ms. Brokenshire have detailed knowledge of collection, search, and production efforts, because Plaintiffs contracted with a third-party vendor to collect and search ESI related to Mr. Brokenshire, and Plaintiffs' counsel handled the subsequent application of search terms and production of documents.

This Court already declined to allow Defendants to seek further written discovery past the fact discovery deadline on grounds that Defendants had "prior opportunities to raise discovery issues before the close of discovery" but did not do so. ECF No. 158. The same holding is appropriate here, particularly as Defendants have the burden of demonstrating good cause and due diligence. Defendants had multiple chances to articulate their needs for further discovery on Plaintiffs' discovery processes; they should not be permitted to revisit this issue.

### B. Regardless of Diligence, Defendants' Spoliation Claims are Baseless and Do Not Warrant Deposing Ms. Brokenshire

Defendants claim that they must depose Ms. Brokenshire to investigate spoliation concerns regarding Mr. Brokenshire's evidence. Defendants, however, fail to present even the basic premise of a spoliation claim—loss of evidence. This is true even after months of discovery regarding Plaintiffs' discovery process.

Defendants tellingly reference no facts, cite no record evidence, and cite no caselaw in making their spoliation claims. Yet parties asserting spoliation claims must prove a four-part test, regarding the nature of the evidence destroyed and the manner of its loss. *See Nelson*, 2023 WL 5652007, at *1 (Spoliation occurs "where (1) the evidence was in the party's control; (2) the evidence is relevant to the claims or defenses in the case; (3) there has been actual suppression or withholding of evidence; and (4) the duty to preserve the evidence was reasonably foreseeable to the party.") (citing *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir.

11

2012) (quotation marks omitted)). Implicit in this test is an initial showing that there was evidence that was destroyed.

The elements of spoliation therefore will not be met where a party fails to specify evidence at issue. *See*, *e.g.*, *Flanders v. Dzugan*, No. 12–cv–01481, 2015 WL 5022734, at *5 (W.D. Pa. Aug. 24, 2015). Defendants cannot rely on mere speculation that "such evidence must have existed, and thus must have been lost" to assert spoliation claims. *Flanders*, 2015 WL 5022734, at *5; *see also Bensel v. Allied Pilots Ass'n,* 263 F.R.D. 150, 153 (D.N.J. 2009) ("vague speculation as to whether evidence has been destroyed or even whether evidence was relevant does not rise to the specificity level required by the Third Circuit to impose sanctions or even make a finding of spoliation.").

Moreover, courts decide the fact of spoliation separately from determining whether and how to apply sanctions, which depends on prejudice from the alleged spoliation. *Medeva Pharma Suisse A.G. v. Roxane Labs., Inc.*, No. 07–cv–05165, 2011 WL 310697, at *14 (D.N.J. Jan. 28, 2011). Even assuming Defendants could first show evidence was lost, then satisfy the four-prong test to demonstrate spoliation, Defendants could not show prejudice because a class representative's documents concerning their individual circumstances are irrelevant to the alleged harms in this case. All employees are harmed by a no-poach agreement regardless of whether a specific employee would have tried to apply for a new job because

12

no-poach agreements eliminate a key competitive force that puts upward pressure on employee compensation. *See* ECF No. 140, at 2 (Plaintiffs' Sept. 20, 2023 Letter to the Court).

With nothing more than baseless suspicions regarding loss of evidence, Defendants are unable to show how Ms. Brokenshire's deposition is likely to develop relevant information regarding any spoliation claims. *See Brand Energy & Infrastructure Servs., Inc. v. Irex Corp.*, No. 16–cv–02499, 2018 WL 806341, at *2 (E.D. Pa. Feb. 9, 2018) (a "mere suspicion" is not enough to compel discovery on discovery). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Defendants can show no facts to warrant the extreme remedy of requiring the *third-party spouse* of a named Plaintiff to sit for a deposition.

### C. The Court Should Also Deny Defendants' Request as Duplicative, Unduly Burdensome, and Harassing

The Court should also deny Defendants' request on grounds that Defendants seek duplicative, unduly burdensome, and harassing discovery that is beyond the bounds of what Rule 26(b) requires. Defendants claim that "Ms. Brokenshire's deposition is necessary to fully assess whether Mr. Brokenshire met his

13

preservation obligations in this case," Brief at 11, but Defendants cannot demonstrate any need for the testimony they seek nor prejudice without it. To the contrary, Mr. Brokenshire and his wife would be prejudiced by being forced to sit for yet another deposition about information they have already provided.

Plaintiffs already provided Defendants with extensive information regarding the preservation and collection of documents for Mr. Brokenshire in their supplemental responses to Defendants' Interrogatory No. 11. This included information, on a source-by-source basis, regarding: the specific dates Plaintiffs' counsel became aware of the sources at issue; the existence of any potential backups or copies of Plaintiffs' accounts and devices; the retention and/or deletion policies for each source; the software and processes for collection for each source; and any limitations, filters or other methods of exclusion used. Second Amended Responses at 6–9, 13–18. Plaintiffs' responses included dates of discussions Plaintiffs had with counsel regarding preservation obligations. *Id*. at 5–6.

Deposing Ms. Brokenshire will develop no relevant, non-duplicative testimony. Moreover, much of the information regarding preservation and collection was sourced from Plaintiffs' third-party data vendors and/or Plaintiffs' counsel. Mr. and Ms. Brokenshire appropriately made their accounts and devices available to counsel and then—correctly—relied on counsel to make determinations concerning, *inter alia*, the preservation settings for all sources and

collection and search methods; they do not have first-hand information about the details of this process, as it was run by counsel and outside experts.

Moreover, Defendants raised no alleged deficiencies with these interrogatory responses prior to the close of the limited fact discovery period on December 13, 2023. Defendants fail to identify any specific omissions. *See* Brief at 12 (noting only that "Defendants still lack any meaningful detail regarding Mr. Brokenshire's preservation efforts"). Plaintiffs offered to consider supplementing their responses if Defendants identified specific alleged deficiencies. ECF No. 161–2.

Having demonstrated no genuine need for Ms. Brokenshire's testimony, Defendants' request appears designed to harass not only Ms. Brokenshire but also Mr. Brokenshire, the named Plaintiff. Named Plaintiffs take on significant burdens, risks, and responsibilities when serving as a class representative.[3] The Court should not permit Defendants to add the deposition of one's spouse to that list.

V.     **Conclusion**

Discovery has closed in this case, and no good cause exists to extend it yet again. For the reasons stated above, Plaintiffs respectfully request that the Court deny Defendants' Motion.

---

[3] For example, Mr. Brokenshire has already sat for two depositions, including a second deposition limited to information about the written discovery and four newly produced documents, for which Defendants took three hours and twenty-five minutes of the three hours and thirty minutes allotted.

15

Date: December 26, 2023

*/s/ Adam J. Zapala*
Adam J. Zapala (*Pro Hac Vice*)
Elizabeth T. Castillo (*Pro Hac Vice*)
James G. Dallal (*Pro Hac Vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Phone: (650) 697–6000
Fax: (650) 697–0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com
jdallal@cpmlegal.com

Alexander E. Barnett (*Pro Hac Vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
40 Worth Street, 10th Floor
New York, NY 10013
Phone: (212) 201–6820
abarnett@cpmlegal.com

Respectfully submitted,

*/s/ Michaela L. Wallin*
Eric L. Cramer (PA Bar No. 69289)
  (*Pro Hac Vice*)
Shanon Jude Carson (PA Bar No. 85957)
Candice J. Enders (PA Bar No. 92107)
  (*Pro Hac Vice*)
Michael J. Kane (PA Bar No. 73998)
  (*Pro Hac Vice*)
Michaela L. Wallin (*Pro Hac Vice*)
J. Taylor Hollinger (PA Bar No. 332706)
  (*Pro Hac Vice*)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875–4604
Fax: (215) 875–5707
ecramer@bm.net
scarson@bm.net
cenders@bm.net
mkane@bm.net
mwallin@bm.net
thollinger@bm.net

Daniel J. Walker (*Pro Hac Vice*)
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue NW,
Suite 300
Washington, DC 20006
Phone: (202) 559–9745
dwalker@bm.net

*Counsel for Dr. Danese Brokenshire;*
*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I, Michaela L. Wallin, hereby certify that on this 26th day of December 2023, a true and correct copy of this Opposition to Defendants' Motion to Re-open Discovery to Depose Non-Party Danese Brokenshire was filed with the Court's Case Management/Electronic Case Filing System and thereby served upon all counsel of record in this matter.


Date: December 26, 2023                           */s/ Michaela L. Wallin*
                                                  Michaela L. Wallin

## CERTIFICATE OF WORD COUNT

I, Michaela L. Wallin, hereby certify that this Opposition to Defendants' Motion to Re-open Discovery to Depose Non-Party Danese Brokenshire contains 3,532 words. This was determined using the word count feature of the word-processing software used to prepare this brief, pursuant to Local Rule 7.8(b)(2).

Date: December 26, 2023                              */s/ Michaela L. Wallin*
                                                     Michaela L. Wallin