UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE GEISINGER SYSTEM SERVICES AND EVANGELICAL COMMUNITY HOSPITAL HEALTHCARE WORKERS ANTITRUST LITIGATION | No. 4:21–cv–00196<br><br>Chief Judge Matthew W. Brann |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR AN AWARD OF ATTORNEYS' FEES, FOR REIMBURSEMENT
OF EXPENSES, AND FOR SERVICE AWARDS TO
THE CLASS REPRESENTATIVES**

**WHEREAS**, on January 20, 2026, Plaintiffs[1] submitted Plaintiffs' Motion for an Award of Attorneys' Fees, for Reimbursement of Expenses, and for Service Awards to the Class Representatives (the "Motion");

**WHEREAS**, Plaintiffs entered into two settlements (the "Settlements") reached between the parties in the action, *In re Geisinger Sys. Servs. and Evangelical Cmty. Hosp. Healthcare Workers Antitrust Litig.*, No. 4:21-cv-00196-MWB (M.D. Pa.) (the "Action"): (i) a $19 million settlement with Defendant Geisinger System Services, Inc. ("Geisinger");[2] and (ii) a $9.5 million settlement with Defendant Evangelical Community Hospital ("Evangelical").

**WHEREAS**, on June 9, 2025 (by Evangelical) and June 13, 2025 (by Geisinger), Plaintiffs, both individually and on behalf of the Settlement Class, and Defendants Geisinger and Evangelical entered into two separate settlement agreements that set forth the terms and conditions of the parties' proposed Settlements and the release and dismissal with prejudice of Plaintiffs' claims against Defendants (collectively, the "Settlement Agreements");

**WHEREAS**, on October 3, 2025, Plaintiffs filed a Motion for Certification of a Settlement Class, Preliminary Approval of the Settlements, Preliminary

---

[1] Plaintiffs are Nichole Leib and Kevin Brokenshire. The Court appointed Plaintiffs as the Class Representatives on November 18, 2025 (ECF No. 257 ¶5).
[2] "Geisinger" also includes Geisinger Health and all of Geisinger Health's subsidiaries.

1

Approval of the Plan of Allocation, Approval of the Notice Plan, and Approval of the Proposed Schedule for Completing the Settlement Process;

**WHEREAS,** by Order dated November 18, 2025 (ECF No. 257), this Court: (i) preliminarily approved the Settlement Agreements and certified the Settlement Class; (ii) ordered that notice of the proposed Settlements be provided to the Settlement Class; (iii) provided Settlement Class members with the opportunity to object to the proposed Settlements; (iv) provided Settlement Class members with the opportunity to exclude themselves from the Settlement Class; and (v) scheduled a hearing regarding final approval of the Settlements;

**WHEREAS,** due and adequate notice has been given to the Settlement Class;

**WHEREAS,** the Court conducted a hearing on March 16, 2026 (the "Fairness Hearing") to consider, among other things, whether an order awarding attorneys' fees, litigation expenses, and service awards should be entered;

**WHEREAS,** no Settlement Class member objected to Lead Counsel's Motion; and

**WHEREAS**, the Court is familiar with the record in this Action, and having reviewed the Motion and supporting documents, has found good cause for entering the following Order.

2

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. All terms in initial capitalization used in this Order shall have the same meanings as set forth in the Settlement Agreements, unless otherwise defined herein.

## Jurisdiction

2. This Court has jurisdiction to enter this Order as it has jurisdiction over the subject matter of the Action and over Defendants and Plaintiffs, including all members of the Settlement Class.

## Award of Attorneys' Fees

3. Upon review of the record, the Court finds that Class Counsel's requested award of attorneys' fees in the amount of 33.33% (plus accrued *pro rata* interest, *i.e.*, 33.33% of all accrued interest) of the combined $28.5 million Settlement Fund (*i.e.*, a fee award of $9,499,050 plus accrued interest) is well within the applicable range of reasonable attorneys' fees percentage-of-recovery awards established by relevant precedent.

4. The percentage-of-recovery method of calculating attorneys' fees is appropriate in this Action, as the percentage-of-recovery method is the prevailing practice in the Third Circuit in determining the award of attorneys' fees in common fund cases.

5. In evaluating Class Counsel's request for an award of attorneys' fees, courts in the Third Circuit consider the factors set forth in Rule 23(h) of the Federal

Rules of Civil Procedure and in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 198 (3d Cir. 2000), and *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 333 (3d Cir. 1998). In making this award of fees to Class Counsel, this Court has considered these factors and finds that:

    a. The combined Settlements created a fund of $28.5 million in cash for the benefit of the members of the Settlement Class;

    b. No Settlement Class members requested exclusion from or objected to the Settlements, including Class Counsel's Motion;

    c. Class Counsel are experienced antitrust and class action litigators who vigorously and diligently prosecuted the Action on behalf of the Settlement Class against seasoned defense counsel who zealously represented their clients' interests;

    d. The Action involves complex factual and legal issues and, in the absence of the Settlements, would involve lengthy proceedings whose resolution would be uncertain;

    e. Class Counsel invested substantial time and resources in this case on contingency;

    f. Class Counsel expended substantial time and effort pursuing the litigation on behalf of the Settlement Class;

    g. The requested fee award is in line with awards in similar cases;

      h. The benefits of the Settlements are attributable to the work of Class Counsel;

      i. The requested fee is consistent with the percentage fee that would have been privately negotiated in a similar individual action; and

      j. While a lodestar crosscheck is not required in the Third Circuit, such a check supports the reasonableness of the fee award as Class Counsel's multiplier of 0.56 is well within the accepted range for a lodestar cross-check multiplier.

6. Notice to the Settlement Class indicated that Class Counsel would seek an award of attorneys' fees (plus any accrued *pro rata* interest) not to exceed 33.33% of the combined $28.5 million fund (plus any accrued *pro rata* interest) created by the Settlements.

7. Accordingly, Class Counsel's request for an award of 33.33% (plus accrued *pro rata* interest) of the combined $28.5 million Settlement Fund created by the Settlements (*i.e.*, a fee award of $9,499,050 plus accrued interest) is granted.

## Reimbursement of Expenses

8. The Court finds that Class Counsel's request for reimbursement of their reasonably incurred expenses should be granted. From the inception of the Action, Class Counsel have incurred $2,702,804.95 in unreimbursed litigation out-of-pocket expenses, litigation fund disbursements, and outstanding invoices due while

5

prosecuting the Action.[3] While the majority of the expenses were incurred for the work of economic experts, other essential expenses for the prosecution of the Action included e-discovery and data hosting costs, computer research, court reporting and deposition transcripts, subpoena services, travel and accommodations, printing, and filing fees.[4] These collective expenses were reasonably incurred and expended for the direct benefit of the Settlement Class and should therefore be reimbursed.

9. Notice to the Settlement Class indicated that Class Counsel would seek reimbursement of reasonable litigation expenses not to exceed $3.5 million.

10. Accordingly, Class Counsel's request for reimbursement of litigation costs and expenses in the amount of $2,702,804.95 is granted.

## **Service Awards to the Class Representatives**

11. The Court finds that Class Counsel's request for service awards in the amount of $10,000 for each of the two Class Representatives is appropriate.

12. In making these service awards to the two Class Representatives, this Court finds that each of the Class Representatives expended considerable time and effort to aid in the prosecution of this Action, including:

    a. Assisting with the pre-filing investigations and then filing suit to

---

[3] *See* Supplemental Joint Declaration of Daniel J. Walker and Adam J. Zapala In Support of Plaintiffs' Motion for an Award of Attorneys' Fees, for Reimbursement of Expenses, and for Service Awards to the Class Representatives ¶¶13-19 (filed concurrently with the Motion).
[4] *Id.*

6

      protect the interests of absent Settlement Class members;

   b.    Working closely with Lead Counsel to respond to Defendants' requests for production of documents, three sets of interrogatories, and two sets of requests for admissions;

   c.    Providing expansive detailed information on each Class Representative's personal employment history, including job application history, employment records, compensation, and qualifications; and

   d.    Preparing for and sitting for two depositions each.

13.    Notice to the Settlement Class indicated that Class Counsel would seek service awards of $10,000 for each of the two Class Representatives.

14.    Accordingly, Class Counsel's request for service awards of $10,000 for each of the two Class Representatives is granted.

### **Lead Counsel Is Authorized to Distribute the Awarded Attorneys' Fees**

15.    Lead Counsel shall allocate the fees and expenses among all the Class Counsel representing Plaintiffs and the Settlement Class based upon Lead Counsel's evaluation of the respective contributions of such counsel to the prosecution and resolution of this litigation.

### **Retention of Jurisdiction**

16.    Without affecting the finality of this Order in any respect, this Court

reserves jurisdiction over any matters related to or ancillary to this Order.

Dated: _____, 2026                    **BY THE COURT:**

 

_____
**Matthew W. Brann**
**Chief United States Judge**