**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE GEISINGER SYSTEM SERVICES AND EVANGELICAL COMMUNITY HOSPITAL HEALTHCARE WORKERS ANTITRUST LITIGATION | No. 4:21-cv-00196-MWB<br><br>Chief Judge Matthew W. Brann |

**SUPPLEMENTAL JOINT DECLARATION OF DANIEL J. WALKER AND ADAM J. ZAPALA IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, FOR REIMBURSEMENT OF EXPENSES, AND FOR SERVICE AWARDS TO THE CLASS REPRESENTATIVES**

Pursuant to 28 U.S.C. § 1746, we, Daniel J. Walker and Adam J. Zapala, declare as follows:

1.  Daniel J. Walker is a Shareholder of the law firm of Berger Montague PC ("Berger Montague"), and Adam J. Zapala is a Partner of the law firm of Cotchett, Pitre & McCarthy, LLP ("CPM"). We serve as the Court-appointed[1] Co-Lead Class Counsel for Plaintiffs[2] and the proposed Class ("Lead Counsel")[3] in the above-captioned matter (the "Action"). We have been actively involved in developing, prosecuting, and resolving the Action; are familiar with the proceedings; and have personal knowledge of the facts and circumstances set forth herein. If called upon and sworn as witnesses, each of us would be competent to testify thereto. We respectfully submit this Supplemental Declaration in support of Plaintiffs' motion for an award of attorneys' fees, for the reimbursement of litigation expenses, and for service awards to the Class Representatives in connection with the two settlements (the "Settlements") reached with both Defendants[4] in the Action. If finally approved by the Court, the Settlements will

---

[1] ECF No. 257 ¶ 6; *see also* Case Management Order, ECF No. 43 ¶ 10.
[2] The term "Plaintiffs" includes Class Representatives Nichole Leib and Kevin Brokenshire.
[3] Lead Counsel have been assisted by two firms ("Supporting Counsel"): (i) Fine, Kaplan and Black, R.P.C. ("Fine Kaplan"), who assisted with the litigation; and (ii) Schnader, Harrison, Segal & Lewis LLP, who served as local counsel for Fine Kaplan. The term "Class Counsel" refers to Lead Counsel and Supporting Counsel.
[4] "Defendants" refers to (i) Evangelical Community Hospital ("Evangelical") and (ii) Geisinger System Services, Inc. ("Geisinger").

end this litigation.

2.  A detailed discussion of the Action, from the pre-filing investigation through reaching the Settlements is provided in the Joint Declaration of Eric L. Cramer and Adam J. Zapala In Support of Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlements and Approval of the Notice Plan, ECF No. 246 (the "Joint Decl."), filed in support of Plaintiffs' motion for preliminary approval of the Settlements, which the Court granted on November 18, 2025, ECF No. 257. Lead Counsel incorporate the Joint Declaration as if fully set forth herein.

3.  In the following sections, this supplemental declaration provides detailed information on Class Counsel's lodestar and expenses incurred in prosecuting the Action for over four years on a contingent basis.

## CLASS COUNSEL'S LODESTAR

4.  Lead Counsel oversaw all aspects of this litigation, from the investigation through the proposed Settlements to this day. Class Counsel have done all this work for over four years on a fully contingent basis, receiving no remuneration of any kind associated with their work on this Action. All this work was done at risk of total loss. Declarations in support of the lodestar and expenses of each firm involved in litigating the case for the Plaintiffs and Settlement Class are attached hereto as Exhibits 1 through 4. These individual firm declarations provide the names of the attorneys and professional support staff who worked on

the Action, each of their hourly rates and number of hours billed, the lodestar value (at current rates), and the expenses incurred by each of the firms.

5. Lead Counsel independently reviewed and audited the time and expenses of each firm, including their own, to ensure that: (1) any time for work not authorized by Lead Counsel and non-litigation-related time was removed; and (2) unreasonable or unapproved costs and expenses were removed. All Class Counsel analyzed their time detail entries to identify those needing to be reduced or removed because they, inter alia, (1) were duplicative, (2) were incorrectly billed to the case, and/or (4) was excessive in light of the tasks performed.

6. Additionally, Class Counsel are not seeking fees for work done in connection with preparing the fee and expense application. Class Counsel reserve the ability to request additional fees and expenses in the future associated with overseeing the distribution of the Settlement Funds to Settlement Class members given the amount of time and effort that process may take. Class Counsel would only seek additional fees if warranted.

7. The current hourly rates charged by Class Counsel are reasonable, based on each person's position, experience level, and location, and are the normal and customary rates charged by that firm for that professional to other clients and matters. Moreover, for those firms that have class action experience, all these rates have repeatedly been approved by multiple courts in similar antitrust class actions.

8. Litigating this case has involved significant effort on Class Counsel's part, both in terms of time and resources expended. The following table shows the total lodestar reported by each of the Class Counsel firms from inception through December 31, 2025 (at current rates):

| Firm | Hours | Lodestar |
|---|---:|---:|
| COTCHETT, PITRE & MCCARTHY, LLP | 12,412.30 | $7,727,092.50 |
| BERGER MONTAGUE PC | 8,163.00 | $7,019,636.00 |
| FINE, KAPLAN AND BLACK, R.P.C. | 3,471.20 | $2,138,928.50 |
| SCHNADER, HARRISON, SEGAL & LEWIS LLP | 10.90 | $9,729.50 |
| TOTAL | 24,057.40 | $16,895,386.50 |

9. Class Counsel undertook tasks appropriate for their levels of expertise, skill, and experience. Throughout the prosecution of this Action, work assignments were allocated among Class Counsel in a manner that was intended to promote efficiency and avoid unnecessary duplication of effort.

10. Class Counsel are experienced and skillful firms in antitrust and complex class action litigation and have successful track records in some of the largest class actions across the country.

11. In addition to the numerous litigation risks discussed above and in the accompanying memorandum of law, Class Counsel bore the risk of litigating this Action entirely on a contingent basis. These risks were undertaken with the full knowledge that success in contingent litigation such as this Action is uncertain.

12. As noted above, Lead Counsel will continue to expend many additional hours in connection with seeking final approval of the Settlements and

also with the settlement administration process. This work will include responding to inquiries from Settlement Class members, working to secure final approval of the Settlements, preparing for the fairness hearing scheduled for March 16, 2026, and dealing with logistical matters relating to settlement administration and the claims process.

## REASONABLE LITIGATION EXPENSES

13. Class Counsel have advanced all expenses required to litigate this Action, despite knowing that they might not recover any of them. None of these expenses has been reimbursed to date. The expenses fall into two main buckets: (1) costs paid by the common litigation fund overseen by Berger Montague to which certain firms contributed during the course of the case, and (2) individual firm expenses that each firm separately incurred. As detailed below, the litigation fund accounted for costs incurred for expert consulting fees, e-discovery and vendor database hosting fees, court reporters, transcription services, subpoena services, and investigation costs. Out-of-pocket expenses incurred by the individual firms include filing fees, computer research, deposition transcripts and court reporting, printing, travel and accommodations, subpoena service, and certain other expenses related to the litigation.

14. The majority of unreimbursed expenses incurred were paid out of a litigation fund escrow account overseen by Berger Montague. The expenses

incurred by the litigation fund are shown below:

| LITIGATION FUND / DISBURSEMENTS | |
|---|---|
| **EXPENSE CATEGORY** | **AMOUNT** |
| Expert Consulting Fees | $2,392,369.32 |
| E-Discovery/Hosting Vendor Fees | $148,195.35 |
| Court Reporting, Transcript Services, Subpoena-Related Costs | $84,197.96 |
| Travel Expenses | $12,202.73 |
| Commercial Copying/Shipping | $0.00 |
| **TOTAL** | **$2,636,965.36** |

15.  The following table shows Class Counsel's reasonable unreimbursed out-of-pocket expenses in this Action:

| Firm | Non-Litigation Fund Expenses |
|---|---|
| BERGER MONTAGUE PC | $44,699.13 |
| COTCHETT, PITRE & MCCARTHY, LLP | $19,458.30 |
| FINE, KAPLAN AND BLACK, R.P.C. | $1,130.16 |
| SCHNADER, HARRISON, SEGAL & LEWIS LLP | $552.00 |
| **TOTAL** | **$65,839.59** |

16.  The amounts expended by each firm are shown in the individual declarations attached hereto as Exhibits 1 to 4.

17.  The total amount of Class Counsel's requested cost reimbursement is $2,702,804.95, which is the combined total of unreimbursed out-of-pocket expenses and litigation fund expenses (*i.e.*, $65,839.59 Class Counsel's expenses + $2,636,965.36 litigation fund expenses = $2,702,804.95).

I certify under penalty of perjury that the foregoing is true and correct. Executed on January 20, 2026, in Washington, DC.

*/s/ Daniel J. Walker*
Daniel J. Walker

I certify under penalty of perjury that the foregoing is true and correct. Executed on January 20, 2026, in Burlingame, CA.

*/s/ Adam J. Zapala*
Adam J. Zapala
