# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE GEISINGER SYSTEM SERVICES AND EVANGELICAL COMMUNITY HOSPITAL HEALTHCARE WORKERS ANTITRUST LITIGATION | No. 4:21–cv–00196<br><br>Chief Judge Matthew W. Brann |

**DECLARATION OF DANIEL J. WALKER
IN SUPPORT OF PLAINTIFFS' MOTION FOR
AN AWARD OF ATTORNEYS' FEES, LITIGATION EXPENSES,
<u>AND SERVICE AWARDS FOR THE CLASS REPRESENTATIVES</u>**

I, Daniel J. Walker, declare as follows:

1. I have personal knowledge of the facts and circumstances set forth herein. If called upon as a witness, I would be competent to testify to these matters.

2. I am a Shareholder of the law firm Berger Montague PC ("Berger Montague").

3. My firm served as Co-Lead Counsel for Plaintiffs in the Action. The schedule attached as Exhibit A is a true and correct summary identifying the attorneys, paralegals, and other professional staff who worked on this Action; the number of hours each of those individuals worked; each of their current hourly billing rates; and their respective lodestar values at current rates. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar at current rates from inception of the case through and including December 31, 2025. This schedule was prepared from contemporaneous, daily time records prepared and maintained by my firm.

4. In connection with representing the Plaintiffs, my firm did the following:

(1) Conducted an extensive initial case investigation and researched the factual and legal bases for potential claims;

1

(2) Organized the firms involved to advance the Action in the best interests of Plaintiffs and the proposed Class and prepared pleadings, including the Consolidated Amended Class Action Complaint;

(3) Briefed an opposition to Defendants' motion to dismiss and, in the alternative, to strike Plaintiffs' class allegations;

(4) Engaged in contested case management proceedings that shaped the structure and timeline of discovery, expert analysis, and briefing schedules;

(5) Negotiated several important case management protocols, including a stipulation and proposed protective order to govern the exchange of confidential materials during discovery, a stipulation and proposed order regarding expert discovery, and a stipulation and proposed order regarding the discovery of ESI and hard copy documents;

(6) Organized and oversaw an aggressive and comprehensive discovery plan—including dozens of document requests, interrogatories, and requests for admission on Defendants—that focused on uncovering the existence, scope, and enforcement of the alleged no-poach agreement, its alleged effects on hiring, compensation, and employee mobility, and any procompetitive justifications Defendants intended to assert in connection with the alleged no-poach agreement;

(7)  Extensively negotiated ESI sources, temporal scope, custodians, and search terms with Defendants and aggressively fought for structured compensation data from both Defendants;

(8)  Reviewed hundreds of thousands of pages of documents produced by Defendants in response to the written discovery served by Plaintiffs.

(9)  Served and negotiated document requests on over a dozen nonparties to uncover Defendants' communications with nonparty human resources ("HR") consultants, participation in salary surveys, and membership in regional HR organizations;

(10) Deposed current and former employees of Geisinger and Evangelical, which provided information and evidence relevant to the alleged anticompetitive practices, as well as relevant context regarding recruitment practices, compensation consulting, and human resources services that informed Plaintiffs' claims and expert analysis;

(11) Litigated discovery of Class Representatives Nichole Leib and Kevin Brokenshire, who ultimately participated in several rounds of document collection, several rounds of responses to complex Interrogatories, and multiple depositions;

3

(12) Oversaw an extensive expert discovery process, which included the retention of two testifying experts and the management of multiple expert reports, depositions, and related data sets;

(13) Prepared and briefed Plaintiffs' motion for class certification, which included compiling, reviewing, and analyzing, voluminous evidentiary materials, as well as collaborated with experts to translate technical analyses into clear and persuasive arguments concerning predominance, ascertainability, typicality, and impact;

(14) Opposed Defendants' motions to exclude the testimony of each of Plaintiffs' experts and moved to exclude a portion of the opinion of Defendants' expert, Dr. Laurence Baker, and engaged in protracted settlement negotiations with each Defendant separately over the course of nearly two years before Defendants agreed to provide substantial monetary payments to settle the Action;

(15) Initiated a competitive bidding process to identify a qualified and cost-effective notice and claims administrator and collaborated with the administrator to maximize direct notice to Settlement Class Members and minimize the need for submitting claim forms through the use of contact information and employment data from Defendants, where available;

(16) Oversaw the development of the allocation plan for proposed distribution of the net settlement funds to members of the Settlement Class;

(17) Communicated with Settlement Class Members about the Action; and

(18) Managed, financed, and oversaw the attorneys, paralegals, staff, experts, and other professionals who assisted Co-Lead Counsel with the above tasks over the nearly four-year course of this Action.

5. The lodestar amount reflected in Exhibit A reflects 8,163.00 hours of work and amounts to $7,019,636.00 at current rates. It reflects work performed by attorneys and professional staff at my firm for the benefit of the Settlement Class. The hourly rates for the attorneys and professional staff at my firm reflected in Exhibit A are the usual and customary hourly rates used by my firm for the professionals in question in other cases, matters, and/or clients. My firm's work on this Action was performed on a wholly contingent basis.

6. Aside from expenses associated with the joint litigation fund, my firm has expended a total of $44,699.13 in unreimbursed costs and expenses in connection with the prosecution of this Action from inception through and including December 31, 2025. These costs and expenses are set forth in the attached Exhibit B and are reflected on the books and records of my firm. They were incurred on behalf of the Settlement Class by my firm and have not been reimbursed.

5

Case 4:21-cv-00196-MWB  Document 262-1  Filed 01/20/26  Page 8 of 13

7.  In addition to the foregoing, the firms involved in this litigation have incurred another $2,636,965.36 in litigation fund expenses and for which they now seek reimbursement. The expenses incurred by the litigation fund were used for the benefit of the Settlement Class, including for expert/consultant costs, e-discovery costs, deposition costs, and Lexis/Westlaw costs, among other costs and expenses.

I declare that the foregoing is true and correct pursuant to 28 U.S.C. § 1746. Executed on January 20, 2026 in Washington, DC.

                                               */s/ Daniel J. Walker*
                                               Daniel J. Walker
                                               **BERGER MONTAGUE PC**
                                               1001 G Street, NW
                                               Suite 400 East
                                               Washington, DC 20001
                                               Tel: (202) 559-9745
                                               Email: dwalker@bergermontague.com

6

# EXHIBIT A

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE GEISINGER SYSTEM SERVICES AND EVANGELICAL COMMUNITY HOSPITAL HEALTHCARE WORKERS ANTITRUST LITIGATION | No. 4:21–cv–00196<br><br>Chief Judge Matthew W. Brann |

**EXHIBIT A TO THE DECLARATION OF DANIEL J. WALKER IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, FOR REIMBURSEMENT OF EXPENSES, AND FOR SERVICE AWARDS FOR THE CLASS REPRESENTATIVES**

**Reported Total Hours and Lodestar**
Inception through December 31, 2025

| NAME | POSITION | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| Cramer, Eric | S | 317.00 | 1,505.00 | $477,085.00 |
| Carson, Shanon | S | 3.10 | 1,350.00 | $4,185.00 |
| Walker, Daniel | S | 788.90 | 1,060.00 | $836,234.00 |
| Davis, Joshua P. | S | 9.10 | 1,410.00 | $12,831.00 |
| Kane, Michael | S | 897.60 | 1,110.00 | $996,336.00 |
| Madden, Patrick | S | 3.30 | 990.00 | $3,267.00 |
| Enders, Candice | S | 143.00 | 1065.00 | $152,295.00 |
| Wallin, Michaela | S | 463.70 | 905.00 | $419,648.50 |
| Fundora, Camille | S | 4.20 | 950.00 | $3,990.00 |
| Schalman-Bergen, Sarah | S | 10.80 | 645.00 | $6,966.00 |
| Langer, David | SC | 162.90 | 935.00 | $152,311.50 |
| Suter, Mark | A | 444.30 | 750.00 | $333,225.00 |
| Hollinger, J. Taylor | A | 1,994.30 | 685.00 | $1,366,095.50 |
| Summers, Matthew | A | 116.20 | 705.00 | $81,921.00 |
| Petty, Kerri R. | SC | 978.00 | 805.00 | $787,290.00 |
| Pollock, Julie A | A | 0.10 | 685.00 | $68.50 |
| Copenhaver, John Carl | C | 1,420.80 | 825.00 | $1,172,160.00 |
| Streater, Reginald | A | 189.90 | 545.00 | $103,495.50 |

1

| NAME | POSITION | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| Leo, Susan L. | PL | 110.00 | 550.00 | $60,500.00 |
| Brandy, Max | PL | 90.50 | 490.00 | $44,345.00 |
| York, Elizabeth | PL | 0.40 | 495.00 | $198.00 |
| Filbert, David | PL | 0.60 | 495.00 | $297.00 |
| Klipa, Stefana | PL | 1.30 | 485.00 | $630.50 |
| Rowe, Connor Scott | PL | 0.20 | 485.00 | $97.00 |
| Alvarez, Jasmin | PL | 1.20 | 280.00 | $336.00 |
| Magnus, Eleanor | LA | 11.60 | 330.00 | $3,828.00 |
| **TOTAL** | | **8,163.00** | | **$7,019,636.00** |

**Role Legend**
- S    Shareholder
- SC   Senior Counsel
- C    Counsel
- OC   Of Counsel
- A    Associate
- R    Research Specialist
- PL   Paralegal
- LA   Legal Assistant

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE GEISINGER SYSTEM SERVICES AND EVANGELICAL COMMUNITY HOSPITAL HEALTHCARE WORKERS ANTITRUST LITIGATION | No. 4:21–cv–00196<br><br>Chief Judge Matthew W. Brann |

**EXHIBIT B TO THE DECLARATION OF DANIEL J. WALKER IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, FOR REIMBURSEMENT OF EXPENSES, AND FOR SERVICE AWARDS FOR THE CLASS REPRESENTATIVES**

**Reported Expenses on Behalf of Plaintiffs**
Inception through December 31, 2025

| Category | Amount |
|---|---|
| Photocopying, Scanning | $1,997.95 |
| Service of Process | $370.00 |
| Computer Research | $14,255.70 |
| Court Fees (filings, etc.) | $802.00 |
| Court Reports/Transcripts | $1,239.30 |
| Telephone/Fax | $2.00 |
| Postage | $0.00 |
| Overnight Delivery/Messengers | $230.44 |
| Expert Fees | $0.00 |
| Witness/Service Fees | $0.00 |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | $15,510.58 |
| Database Hosting Services | $10,256.44 |
| Co-Counsel Fees | $0.00 |
| Outside Contractor | $0.00 |
| Publication | $0.00 |
| Miscellaneous (DocuSign) | $34.72 |
| **Total** | **$44,699.13** |

1