# EXHIBIT 2

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE GEISINGER SYSTEM SERVICES AND EVANGELICAL COMMUNITY HOSPITAL HEALTHCARE WORKERS ANTITRUST LITIGATION | No. 4:21–cv–00196<br><br>Chief Judge Matthew W. Brann |

**DECLARATION OF ADAM J. ZAPALA**
**IN SUPPORT OF PLAINTIFFS' MOTION FOR**
**AN AWARD OF ATTORNEYS' FEES, LITIGATION EXPENSES,**
**AND SERVICE AWARDS FOR THE CLASS REPRESENTATIVES**

I, Adam J. Zapala, declare as follows:

1. I have personal knowledge of the facts and circumstances set forth herein. If called upon as a witness, I would be competent to testify to these matters.

2. I am a partner of the law firm Cotchett, Pitre & McCarthy, LLP. ("CPM"), and head of the firm's antitrust practice.

3. My firm served as Co-Lead Counsel for Plaintiffs in this Action. The schedule attached as Exhibit A is a true and correct summary identifying the attorneys, paralegals, and other professional staff who have worked on this Action; the number of hours each of those individuals have worked; each of their current hourly billing rates; and their respective lodestar values at current rates. The schedule attached as Exhibit A sets forth my firm's total hours and lodestar at current rates from inception of the case through and including December 31, 2025. This schedule was prepared from contemporaneous, daily time records prepared and maintained by my firm.

4. In connection with representing the Plaintiffs in the Action, my firm performed the following tasks:

(1) Conducted an extensive initial case investigation and researched the factual and legal bases for potential claims;

(2) Organized the law firms involved to advance the Action in the best interests of Plaintiffs and the proposed Class;

1

(3)   Spent substantial time preparing the pleadings and claims, including the Consolidated Amended Class Action Complaint;

(4)   Briefed opposition to Defendants' joint motion to dismiss and, in the alternative, to strike Plaintiffs' class allegations;

(5)   Engaged in contested case management proceedings that shaped the structure and timeline of discovery, expert analysis, and class certification briefing;

(6)   Negotiated several important case management protocols, including a stipulation and proposed protective order to govern the exchange of confidential materials, a stipulation and proposed order regarding expert discovery, and a stipulation and proposed order regarding the discovery of ESI and hard copy documents;

(7)   Organized and oversaw an aggressive and comprehensive discovery plan—including dozens of document requests, interrogatories, and requests for admission on Defendants—that focused on uncovering the existence, scope, and enforcement of the alleged no-poach agreement, its alleged effects on hiring, compensation, and employee mobility, and any procompetitive justifications Defendants intended to assert in connection with the alleged no-poach agreement;

(8) Extensively negotiated through numerous meet and confers the scope of discovery to be produce including, but not limited to, ESI sources, temporal scope, custodians, and search terms with Defendants;

(9) Aggressively fought for structured compensation data from both Defendants;

(10) Reviewed hundreds of thousands of pages of documents produced by Defendants in response to the written discovery served by Plaintiffs and organized the document review to tell a coherent liability story;

(11) Served and negotiated document requests on over a dozen nonparties to uncover Defendants' communications with nonparty human resources ("HR") consultants, participation in salary surveys, and membership in regional HR organizations;

(12) Deposed several non parties regarding the liability facts alleged in the complaint and as demonstrated in non party productions;

(13) Deposed current and former employees of Geisinger and Evangelical, which provided information and evidence relevant to the alleged anticompetitive practices, as well as relevant context regarding recruitment practices, compensation consulting, and human resources services that informed Plaintiffs' claims and expert analysis;

(14) Fiercely litigated discovery of Class Representatives Nichole Leib and Kevin Brokenshire, who ultimately participated in several rounds of document collection, several rounds of responses to complex Interrogatories, and multiple depositions;

(15) Oversaw an extensive expert discovery process, which included the retention of two testifying experts and the management of multiple expert reports, depositions, and related data sets;

(16) Prepared and briefed Plaintiffs' motion for class certification, which included compiling, reviewing, and analyzing, voluminous evidentiary materials, as well as collaborated with experts to translate technical analyses into clear and persuasive arguments concerning predominance, ascertainability, typicality, and impact;

(17) Opposed Defendants' motions to exclude the testimony of each of Plaintiffs' experts and moved to exclude a portion of the opinion of Defendants' expert, Dr. Laurence Baker;

(18) Engaged in protracted settlement negotiations with each Defendant separately over the course of nearly two years before Defendants agreed to provide substantial monetary payments to settle the Action;

(19) Initiated a competitive bidding process to identify a qualified and cost-effective notice and claims administrator and collaborated with the

administrator to maximize direct notice to Settlement Class Members and minimize the need for submitting claim forms through the use of contact information and employment data from Defendants, where available;

(20) Oversaw the development of the allocation plan for proposed distribution of the net settlement funds to members of the Settlement Class;

(21) Communicated with Settlement Class Members about the Action; and

(22) Managed, financed, and oversaw all of the attorneys, paralegals, staff, experts, and other professionals who assisted Co-Lead Counsel with the above tasks over the nearly four-year course of this Action.

5. The lodestar amount reflected in Exhibit A reflects 12,412.30 hours of work and amounts to $7,727,092.50 at current rates. It reflects work performed by attorneys and professional staff at my firm for the benefit of the Settlement Class. The hourly rates for the attorneys and professional staff at my firm reflected in Exhibit A are the usual and customary hourly rates used by my firm for the professionals in question in other cases, matters, and/or clients. My firm's work on this Action was performed on a wholly contingent basis.

6. Aside from expenses associated with the joint litigation fund, my firm has expended a total of $19,458.30 in unreimbursed costs and expenses in

connection with the prosecution of this Action from inception through and including December 31,2025. These costs and expenses are set forth in the attached Exhibit B and are reflected on the books and records of my firm. They were incurred on behalf of the Settlement Class by my firm and have not been reimbursed.

7. In addition to the foregoing, the firms involved in this litigation have incurred another $2,636,965.36 in litigation fund expenses and for which they now seek reimbursement. The expenses incurred by the litigation fund were used for the benefit of the Settlement Class, including for expert/consultant costs, e-discovery costs, deposition costs, and Lexis/Westlaw costs, among other costs and expenses.

I declare that the foregoing is true and correct pursuant to 28 U.S.C. § 1746. Executed on this 15th day of January 2026 in Burlingame, California.

/s/ *Adam J. Zapala*
Adam J. Zapala (*Pro Hac Vice*)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Phone: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE GEISINGER SYSTEM SERVICES AND EVANGELICAL COMMUNITY HOSPITAL HEALTHCARE WORKERS ANTITRUST LITIGATION | No. 4:21–cv–00196<br><br>Chief Judge Matthew W. Brann |
|---|---|

**EXHIBIT A TO THE DECLARATION OF ADAM J. ZAPALA IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, FOR REIMBURSEMENT OF EXPENSES, AND FOR SERVICE AWARDS FOR THE CLASS REPRESENTATIVES**

**Reported Total Hours and Lodestar**
Inception through December 31, 2025

| NAME | POSITION | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| Joseph Cotchett | P | 14.4 | $1,500.00 | $21,600.00 |
| Adam Zapala | P | 1,305.8 | $1,100.00 | $1,436,380.00 |
| Elizabeth Castillo | P | 1,653.3 | $1,100.00 | $1,818,630.00 |
| Karin Swope | P | 1.1 | $1,100.00 | $1,210.00 |
| Alexander Barnett | P | 375 | $725.00 | $271,875.00 |
| Tamarah Prevost | P | 42.1 | $675.00 | $28,417.50 |
| Kevin Boutin | A | 0.8 | $900.00 | $720.00 |
| James Dallal | A | 947.9 | $600.00 | $568,740.00 |
| Christian Ruano | A | 149.8 | $600.00 | $89,880.00 |
| Gayatri Raghunandan | A | 267 | $425.00 | $113,475.00 |
| Tom Chen | STA | 2,475.5 | $500.00 | $1,237,750.00 |
| Carolyn Kolben | STA | 1,799 | $500.00 | $899,500.00 |
| Jaclyn Verducci | SPL | 1,040.7 | $400.00 | $416,280.00 |
| Michael Caylao | SPL | 1,015.5 | $400.00 | $406,200.00 |
| Alexandra Delavan | PL | 805.9 | $350.00 | $282,065.00 |
| Maya Garimella | PL | 101.7 | $350.00 | $35,595.00 |
| Liam Anderson | PL | 16 | $350.00 | $5,600.00 |

| NAME | POSITION | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| Josephine Buchwald | PL | 0.7 | $275.00 | $192.50 |
| Samantha Fong | PL | 1.5 | $275.00 | $412.50 |
| Alyssa Heminger | PL | 1.5 | $275.00 | $412.50 |
| Maribel Cano Lopez | PL | 15.8 | $275.00 | $4,345.00 |
| Kathleen D'Elia | PL | 1.9 | $275.00 | $522.50 |
| Nadine Abuelrous | PL | 107 | $275.00 | $29,425.00 |
| Lauren Devens | LC | 99.2 | $250.00 | $24,800.00 |
| Xinyu Qiang | LC | 110.2 | $200.00 | $22,040.00 |
| Taylor Evans | LC | 16.4 | $175.00 | $2,870.00 |
| Rebecca Harteker | LC | 46.6 | $175.00 | $8,155.00 |
| **TOTAL** | | **12,412.30** | | **$7,727,092.50** |

**Role Legend**

P    Partner
SA    Senior Associate
A    Associate
STA    Staff Attorney
SPL    Senior Paralegal
PL    Paralegal
LC    Law Clerk

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE GEISINGER SYSTEM SERVICES AND EVANGELICAL COMMUNITY HOSPITAL HEALTHCARE WORKERS ANTITRUST LITIGATION | No. 4:21–cv–00196<br><br>Chief Judge Matthew W. Brann |

**EXHIBIT B TO THE DECLARATION OF ADAM J. ZAPALA IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, FOR REIMBURSEMENT OF EXPENSES, AND FOR SERVICE AWARDS FOR THE CLASS REPRESENTATIVES**

**Reported Expenses on Behalf of Plaintiffs**
Inception through December 31, 2025

| Category | Amount |
|---|---:|
| Photocopying | $4,096.70 |
| Service of Process | $0 |
| Computer Research | $8,224.98 |
| Court Fees (filings, etc.) | $308.70 |
| Court Reports/Transcripts | $0 |
| Telephone/Fax | $1,655.58 |
| Postage | $0 |
| Overnight Delivery/Messengers | $1,298.52 |
| Expert Fees | $0 |
| Witness/Service Fees | $120.00 |
| Travel: Air Transportation, Ground Travel, Meals, Lodging, etc. | $2,260.65 |
| Database Hosting Services | $0 |
| Co-Counsel Fees | $0 |
| Outside Contractor | $0 |
| Publication | $0 |
| Miscellaneous | $1,493.17 |
| **Total** | **$19,458.30** |